TOWNSHIP OF HAMILTON TOWNSHIP, ETC., *ET AL.*, PLAINTIFFS-APPELLANTS, v. BOARD OF CHOSEN FREEHOLDERS, ETC., *ET AL.*, DEFENDANTS-RESPON-DENTS.

Argued October 24, 1967—Decided November 20, 1967.

*Mr. Patrick T. McGahn, Jr.* for plaintiffs-appellants.

*Mr. Issac C. Ginsburg,* attorney for the Atlantic County Bar Association, for defendants-respondents (*Mr. Abraham Rosenberg,* Assistant Solicitor of Atlantic County, and *Mr. Robert H. Davisson,* attorney for G. T. B. Company, a partnership, Elias G. Naame and Herman Orman, individually and as partners, and Edwin H. Helfant, guardian *ad litem* for Joseph E. Naame, an infant, joined in the brief).

The opinion of the court was delivered

Per Curiam. Plaintiffs' action in lieu of prerogative writs challenged the validity of a resolution of the Atlantic County Board of Chosen Freeholders authorizing a 25-year lease of certain premises in Atlantic City in order to provide for additional courtrooms. They do not question the pressing need of more courtrooms but contend that as a matter of law all permanent facilities intended for constitutional courts (such as the County and Superior Courts) must be located at Mays Landing, the county seat. Summary judgment went in defendants' favor after a full hearing. The resultant appeal is before this court on direct certification.

On June 30, 1966 the Atlantic County Bar Association adopted a resolution urgently requesting the assignment judge to issue an order calling upon the freeholder board "to provide sufficient court facilities for the trial of civil causes in one building in the City of Atlantic City." The judge entered such an order *ex parte.* The freeholder board then appointed a special committee which, after thoroughly exploring various locations and the feasibility of either constructing or renting the needed facilities, recommended the lease in question as the best possible arrangement. On December 14, 1966 the board, after reviewing the work of its committee and consulting with the assignment judge, passed the resolution here under attack.

Plaintiffs claim that the trial judge was disqualified from hearing and determining the in lieu action because his prior *ex parte* order constituted the giving of an

"opinion" under *N. J. S.* 2A:15-49 (c). That statute provides that no judge shall sit on the trial or argument of any pending controversy when he has "given his opinion upon a matter in question in such action." We find no merit in plaintiff's contention; there was no disqualifying opinion here. The *ex parte* order was, of course, unaccompanied by any legal argument or plenary consideration of the legal issues. The assignment judge, intimately acquainted with the bar association's long continuing efforts to correct the lack of adequate court facilities, and in the exercise of his administrative responsibilities, routinely entered the order calling upon the freeholder board to take action to meet a felt need. In this connection it should be observed that *N. J. S.* 2A:15-49 also provides that a trial judge is not disqualified merely because he has given his opinion on any question in controversy in the pending action in the course of previous proceedings therein.

Contrary to plaintiffs' position, we find nothing in the law which requires that the courtroom facilities had to be located at the county seat. Our State Constitution carries no such requirement, nor does our statute law. Plaintiffs rely on *L.* 1918, *c.* 185, now *N. J. S. A.* 40:19-1 to 9. The provisions of that act are inapplicable; they deal with a situation where the county electorate has voted to change the location of the county seat, in which case the courts are to be established at that place.

We need not decide whether the court itself—here acting through the assignment judge—may order that additional court facilities be provided at other than the county seat. The fact is that the freeholder board, after consulting with the assignment judge and considering the independent study made by its special committee, authorized the new courtrooms in Atlantic City. Under *N. J. S. A.* 40:32-3 a freeholder board may purchase, erect or otherwise acquire and maintain such buildings as may be necessary and suitable for the accommodation of the courts required to be held in the county. And *R. S.* 40:32-1 provides that where the board is empowered to acquire real estate or construct

any buildings for any purpose, it may acquire such real estate or buildings by lease.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN and SCHETTINO—6

*For reversal*—None.