155 N.J. Super. 326 (1978)
382 A.2d 930
DOUGLAS P. BONNET, AN INFANT, ET AL., PLAINTIFF-APPELLANT,
v.
ALEXANDER STEWART, DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT,
v.
NATIONAL EMBLEM INSURANCE CO. ET AL., THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1977.
Decided January 11, 1978.
*328 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Jerome S. Lieb argued the cause for plaintiff-appellant Douglas P. Bonnet (Messrs. Lieb, Berlin & Kaplan, attorneys).
Mr. W. Stephen Leary argued the cause for third party defendants-respondents (Messrs. Leary and D'Ambrosio, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D.
This is an appeal from a judgment for defendant National Emblem Insurance Company, a subsidiary of Allstate Insurance Company ("insurance company" or "company"), on a jury verdict of no coverage under a liability policy issued by the company to defendant-third party plaintiff Stewart for an accident in which he was involved on October 7, 1972. This is the second trial of that issue, the first having resulted in a judgment in favor of Stewart as a matter of law by the trial judge at the end of the case. That judgment was reversed by the Supreme Court, Bonnet v. Stewart, 68 N.J. 287 (1975). That opinion may be *329 consulted for the general background of the controversy as to coverage and the principal issues involved. The basic controversy arises from the fact that the company apparently considered the policy cancelled as of October 1, 1972 for nonpayment of premiums while Stewart claimed that his wife mailed a premium check to the company September 29, 1972. The check was not received until October 11, after the accident. The determinative questions in this case are (a) whether the company mailed a cancellation notice to Stewart and, if so, (b) whether the vitality of the policy was revived by the company's retention of the check or of part of the proceeds thereof or as a result of retention by the company of control of the investigation and defense of the accident victim's claim for an unreasonable period of time before definitive repudiation of coverage by the company. Other issues not presented in the first appeal are also raised and will be dealt with herein.

I
Plaintiff Bonnet (standing in Stewart's shoes) contends that the assignment judge erred in assigning the case for trial to a judge who had been a member of a firm which once represented a party to the litigation. The case was tried by Judge Charles M. Egan, Jr., who about five years previously had been a law partner of John J. O'Donnell, Esq., whose firm then represented (as it did in the instant case) Allstate Insurance Company, a party in beneficial interest herein. (The present trial counsel for Allstate is a partner of Mr. O'Donnell but was never a partner of Judge Egan). Stewart cites N.J.S.A. 2A:15-49, which in relevant part reads:
No judge of any court shall sit on the trial of or argument of any matter in controversy in a cause pending in his court, when he: * * * b. Has been attorney of record or counsel for a party to such action; or * * *.
*330 The situation seems to come within the statutory proscription. We do not, however, believe the statute would be applicable where, in the case being tried, the former client of the judge's law firm is an insurance company which is merely defending an action for an insured party. It does apply where the former client-insurance company is a direct party to the action, as here. See also R. 1:12-1(f). Nevertheless, we are of the view that the issue is inappropriately raised on this appeal because plaintiff never moved to challenge the judge himself, as would have been the proper practice. N.J.S.A. 2A:15-50; R. 1:12-2; cf. State v. Connolly, 120 N.J. Super. 511, 515 (App. Div. 1972), certif. den. 62 N.J. 88 (1972).
It is true that plaintiff and Stewart made a motion before the assignment judge to transfer the case to another judge, and that the motion was denied. But the motion should have been made before Judge Egan himself, as it is the peculiar responsibility of the sitting judge himself, at least in the first instance, to pass upon the propriety of his sitting. Although Judge Egan indicated early in the trial, when he was apprised of the motion before the assignment judge, that he saw no reason not to sit, later on in the trial, when the question arose again tangentially, he gave Bonnet and Stewart the option of a mistrial if at that time they believed he should not have presided in the case. They refused the offer; they are therefore, for this added reason, entirely unwarranted in making the matter a present ground of appeal. We add that we are aware of nothing in the trial of the case which would indicate the judge to have been anything but completely fair and impartial in trying it.
[Note: In Points II through V of the opinion the court dealt with various grounds of appeal, rejecting all and entering an affirmance of the judgment, without costs as against plaintiff Bonnet.]