238 N.J. Super. 57 (1990)
568 A.2d 1221
GLENN MAGILL, PLAINTIFF-APPELLANT,
v.
DR. BERNARD CASEL, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1989.
Decided January 22, 1990.
*60 Before Judges DEIGHAN, R.S. COHEN and BROCHIN.
Carol E. Higbee argued the cause for appellant (Targan, Higbee, Faia & Kievit, attorneys, Donald G. Targan, on the brief).
The opinion of the court was delivered by COHEN, R.S., J.A.D.
This is a medical malpractice case. When it came on for trial, plaintiff's attorney (the Attorney) moved for the trial judge (the Judge) to recuse himself. The motion was denied. The Attorney sought to make the motion apply to all future cases involving his law firm, but the Judge ruled only on this case. After the trial, which resulted in a plaintiff's verdict, the Attorney filed a notice of appeal.
The Attorney then made a motion in this court to disqualify the Judge in all future cases handled by his firm. Another part of this court directed that the motion first be made to the Judge sought to be disqualified. The motion was not made.
We know about this appeal only what appears in an informal record prepared by the Attorney. It includes partial transcripts in earlier cases handled by the Attorney before the Judge, the argument on the motion to recuse in this case, a complaint previously filed by the Attorney with the Advisory Committee on Judicial Conduct, and the Committee's response. The Attorney's brief contains a Statement of Facts which goes beyond the record and is of course unsworn and uncertified. The Judge's opinion denying the motion to recuse is terse and not factually informative. With reservations, therefore, about the completeness of our information, we proceed.
The Attorney is a partner in a law firm that represents plaintiffs in personal injury actions. The Judge sits in the Law Division in the county where the firm has its offices. In 1986 and 1987, the Attorney had occasions to appear before the *61 Judge. He says his experiences led him to believe that the Judge was biased against plaintiffs and against the Attorney himself, and that he openly displayed his partiality before juries. In October 1987, the Attorney made a complaint to the Advisory Committee on Judicial Conduct.
After that, according to the Attorney, he and his partners did not find themselves in the Judge's courtroom. No ruling was made on the subject that he was aware of but, apparently with the exception of one pretrial conference, the Judge was not assigned any of the Attorney's firm's matters for over a year.
In August 1988, this case was assigned by the Judge to himself for immediate trial. The Assignment Judge was away at the time. On the record at the call, the Attorney said he had assumed his matters were not to come before the Judge, who replied, "The Rule is no longer continuing." The attorney said that "at some point" he was going to make an application. "Make it right now," replied the Judge. There follows a colloquy between the attorney and the Judge consuming 13 transcript pages, including the Judge's ruling denying the motion. There were no written motion papers, and no other record made. Counsel for defendant Casel did not participate.
The Judge prepared and signed an order denying the motion. It referred to his orally stated reasons and said they included the Judge's belief that "the actions of the attorney are designed to judge shop and because the judge has firmly concluded he is above bias or prejudice to the attorney or his client."
The condition of the record before us makes the case unreviewable. Ordinarily, we would tax the moving party with deficiencies in his application below or in the record he presents to us. Here, however, the oral motion to recuse could not have been prepared in advance. The resulting record is a fragmentary one, and perhaps one-sided. It contains accounts of courtroom events in other cases after this one. Such a record does not afford us the basis for an informed review.
*62 The dispositive fact, however, is that the relief sought from us is not a reversal of the judgment. It was in this case that the Judge refused to recuse himself, and yet the Attorney's brief does not even allege that the result of the trial was unfair. The notice of appeal very clearly states, "This appeal is not of the verdict or judgment entered in this matter, but only of the order denying recusal dated August 29, 1988."
We dismiss the appeal, without expressing any views on the merits, for want of any challenge addressed to the judgment. Appeals are from judgments. A party may not seek appellate review of an adverse interlocutory order without seeking relief from the outcome of the litigation as embodied in the judgment. A litigant satisfied with the judgment cannot have an advisory appellate evaluation of an alleged interlocutory error.
The underlying problem may not, however, go away. For that reason, we offer the following guidance. Motions to recuse are governed by a court rule, R. 1:12-1 and 2, and a statute, N.J.S.A. 2A:15-49, which are not perfectly consistent with each other. We may have to deal someday with a problem created by an inconsistency. See Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406 (1950), cert. den. 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950); State v. Horton, 199 N.J. Super. 368, 489 A.2d 1164 (App.Div. 1985). No such problem exists here, however, and we note that both this court and the New Jersey Supreme Court have dealt with the rule and statute together and have applied the statute without apparent difficulty. See, for example, Sorrentino v. Family & Children's Soc. of Elizabeth, 74 N.J. 313, 319, 378 A.2d 18 (1977); Hamilton Tp. v. Bd. of Chosen Freeholders, 50 N.J. 394, 396, 235 A.2d 891 (1967); State v. Sullivan, 43 N.J. 209, 248, 203 A.2d 177 (1964); State v. Deutsch, 34 N.J. 190, 168 A.2d 12 (1961) (pre-adoption of court rule); Bonnet v. Stewart, 155 N.J. Super. 326, 382 A.2d 930 (App.Div. 1978). See also Clawans v. Schakat, 49 N.J. Super. 415, 140 A.2d 234 (App.Div. 1958).
*63 A motion for recusal must be made to the judge sought to be disqualified. R. 1:12-2; N.J.S.A. 2A:15-49; Bonnet v. Stewart, supra. We understand that to be the common American practice. See Hanrahan v. Hampton, 446 U.S. 1301, 100 S.Ct. 1868, 64 L.Ed.2d 214 (1980); Jewell Ridge Coal Corp. v. Mine Workers, 325 U.S. 897, 65 S.Ct. 1550, 89 L.Ed. 2007 (1945); Union Carbide Corp. v. U.S. Cutting Service, Inc., 782 F.2d 710 (7 Cir.1986). The disposition of the motion is entrusted to the sound judgment of the judge. See State v. Flowers, 109 N.J. Super. 309, 311-312, 263 A.2d 167 (App.Div. 1970); Matthews v. Deane, 196 N.J. Super. 441, 445, 483 A.2d 232 (Ch.Div. 1984).
Submission of a recusal motion to the challenged judge is not only required by statute and rule; it is also sound practice. Often, the ground for recusal is an objective one, such as the judge's family relation to a party (N.J.S.A. 2A:15-49a; R. 1:12-1(a)) or to an attorney (R. 1:12-1(b)), or having represented a party (N.J.S.A. 2A:15-49b; R. 1:12-1(c)), or having given an opinion on a matter in question (N.J.S.A. 2A:15-49c; R. 1:12-1(d)), or having an interest in the event of the event of the action (N.J.S.A. 2A:15-49d; R. 1:12-1(e)) or any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so. R. 1:12-1(f). The facts supporting or refuting an objective ground for recusal are peculiarly within the knowledge of the judge. Chances of a disagreement over basic facts are disappearingly small. If the ground for recusal is subjective, such as bias or other incapacity to sit fairly, the judge ordinarily has readiest insight into his or her own mind. If the ground for recusal is a problem of appearances (R. 1:12-1(f)), then the judge is in as good a position as anyone to evaluate it.
Consideration of one's own disqualification for bias can be a difficult task. See Annot., "Disqualification of Judge for Bias Against Counsel for Litigant," 23 A.L.R.3d 1416 (1969). When one's own capacity and willingness to be fair to a party or a lawyer is challenged, it requires a conscious exercise of good *64 will and mature judgment to decide the challenge. But it is the capacity to exercise good will and mature judgment in difficult circumstances that qualifies one to act as a judge at all. It must be assumed that a judge will bring that capacity to bear on a motion to recuse himself.
In the event that a judge himself feels in his discretion that it would be better for others to hear and decide a motion to recuse, the statute permits him to appoint three disinterested persons to do so. N.J.S.A. 2A:15-50. See Clawans v. Waugh, 10 N.J. Super. 605, 77 A.2d 519 (Cty.Dist.Ct. 1950).[1]R. 1:12-1 and 2 do not mention this alternative, but neither do they forbid it. See R. 1:1-2 ("Unless otherwise stated, any rule may be relaxed or dispensed with, ..." etc.). A party dissatisfied with a denial of a recusal motion may appeal.
In order for us to review the matter in an informed way, an adequate record is necessary. In most cases of recusal, the record is simple. The judge is either related to a plaintiff or not, the owner of stock in a corporate defendant or not, former counsel to a litigating municipality or not. Evidence may be presented or good faith questions raised by the moving party, and the judge may give his answer to them. The difficult problems arise in those rare cases in which the ground argued for recusal is bias or other incapacity to sit fairly.
In those hard cases, whether heard by the judge personally or by three appointed disinterested persons, the moving party must have the opportunity to prepare and present his case, either on paper or if necessary by calling witnesses. If, as here, transcripts of prior trials are thought to be relevant, transcripts must be produced which are sufficiently complete for accurate evaluation. See R. 2:5-3(b) and (c). In the ordinary *65 case, the burden is on the movant of producing sufficient transcripts. If, as here, the movant relies on trial incidents allegedly exemplifying the judge's tone of voice or other mannerisms not revealed by the printed transcript, then the recollection of people who were there and witnessed the incidents may have to be produced, in certifications or testimony.
A challenged judge who hears the motion should painstakingly set forth the objective and subjective bases for the ultimate decision. We cannot evaluate those bases for decision unless we are informed in some detail what they are. If an appointed panel hears the motion, then the judge should be afforded the opportunity to respond to the charges of disqualification. The response will ordinarily be in writing addressed to the panel and the movant after the judge has had the chance to review the evidence presented on the motion. We do not envision a case in which it would be appropriate for the judge to appear as a live witness in the proceeding. If the judge wishes to submit documents or witnesses, the opportunity should be given.
One final word. We do not decide whether a recusal motion can be made other than in a pending case for the purposes of recusal from that case alone. Ordinarily an independent suit seeking general recusal would not be appropriate or necessary because the grounds for recusal are normally peculiar to a pending case. Even as here, where the grounds are generic, because they apply to the Judge's reaction to certain kinds of litigants and a certain Attorney, a grant or denial in an individual case will affect other cases which exhibit the same relevant characteristics.
Appeal dismissed.
NOTES
[1] All three members of the panel appointed in Clawans v. Waugh were sitting judges. We note also that a member of the bar appeared amicus curiae before the panel. It is not clear from the official report of the case what role he played.