**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1092-15T2

SOPHIA ARCE-PINTO,
f/k/a SOPHIA A. ARCE,

    Plaintiff-Appellant,

v.

MULHARE ALCIUS,

    Defendant-Respondent.

_____

        Argued March 1, 2017 — Decided  March 27, 2017

        Before Judges Fuentes, Carroll and Gooden
        Brown.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part, Essex
        County, Docket No. FD-07-0355-10.

        Adamo Ferreira argued the cause for appellant
        (DeGrado Halkovich, LLC, attorneys; Mr.
        Ferreira and Felicia Corsaro, on the brief).

        Wilfredo Benitez argued the cause for
        respondent.

PER CURIAM

    Plaintiff Sophia Arce-Pinto appeals from a series of orders

entered by the Family Part with respect to the parties' ongoing

custody and parenting time dispute.  Specifically, plaintiff

appeals from the (1) May 15, 2015 order that, among other things, denied her motion to modify the parties' existing parenting time schedule, denied her request to submit the dispute to mediation, and awarded defendant Mulhare Alcius additional parenting time; (2) August 19, 2015 order denying plaintiff's motion to recuse the trial judge and vacate the court's prior orders; (3) September 28, 2015 order clarifying and enforcing the May 15, 2015 order; and (4) October 26, 2015 order awarding counsel fees to defendant.[1]

After reviewing the record before the Family Part, we agree with plaintiff's argument that the trial court erred in failing to refer the parties' dispute to mediation as required under Rule 5:8-1. Consequently, we reverse the May 15, September 28, and October 26, 2015 orders and remand for further proceedings consistent with this opinion. We affirm as to the August 19, 2015 order denying recusal.

## I.

The parties, who were never married, have a daughter who was born in November 2005. On November 13, 2012, the parties entered into a consent order pursuant to which they agreed to continue sharing joint legal custody and plaintiff was to remain the parent

---

[1] The October 26, 2015 order also denied plaintiff's motion to stay the prior orders. That issue was rendered moot by our December 28, 2015 order granting a stay pending this appeal.

of primary residence. Defendant was granted parenting time on alternate weekends from Friday to Monday, and on Wednesdays from 5:30 p.m. until 8:00 p.m.

Plaintiff subsequently moved for reconsideration and to enforce litigant's rights with respect to the November 13, 2012 order, while defendant cross-moved for attorney's fees. The parties submitted their disputes to mediation, which resulted in a comprehensive sixteen-page Shared Parenting Plan Agreement (SPPA). The SPPA provided that the parties would have joint legal and physical custody of the child, and, in addition to setting a "regular parenting schedule," it also made detailed provision for parenting time during the child's summer vacation, on holidays, and during special events. The SPPA was incorporated into a consent order entered on June 12, 2013.

On July 24, 2014, plaintiff moved to modify the SPPA. Specifically, plaintiff sought to amend the alternate weekend parenting time from Friday to Sunday night; to eliminate the Wednesday evening parenting time; and to amend the summer parenting time schedule. In her supporting certification, plaintiff averred that defendant failed to consistently exercise his Wednesday evening parenting time; that defendant's wife or other family members transported the child to school on Monday following defendant's alternate weekend parenting time; and that defendant

enrolled the child in summer camp during the summer vacation period. Plaintiff also alleged that defendant refused to mediate these disputes, as suggested by the terms of the SPPA.

Defendant opposed plaintiff's motion and filed a counterclaim seeking sole custody. The court heard oral argument on the opposing applications on October 10, 2014. Plaintiff, through counsel, argued that defendant was failing to abide by the terms of the SPPA, was enrolling the child in activities that encroached on plaintiff's parenting time, and that the parties were unable to communicate on these issues. Plaintiff's counsel reiterated that a request had been made to return to mediation, which defendant had refused unless plaintiff paid the entire mediator's fee. Defendant, also represented by counsel, sought equal parenting time as an alternative to his request for sole custody. Defendant alleged that it was plaintiff who was breaching the SPPA, and that she failed to include him in the decision-making process or inform him of special events, such as the child's recent First Communion ceremony.

The Family Part judge found the parties' failure to communicate with each other was "egregious." In her October 10, 2014 order, the judge did not address the mediation issue. Rather, she continued the prior orders in effect pending further

proceedings, and ordered both parties and the child to submit to a psychological evaluation within sixty days.

The psychologist, Mark J. Friedman, Ph.D., met three times with each of the parties and once with the child. In his April 6, 2015 report, Dr. Friedman noted that both parties "appear to be doing an admirable job in co-raising [the child, who] enjoys her time with both parents and appears to be a happy, well-mannered, engaging child." Accordingly, Dr. Friedman opined that the SPPA was still "reasonable and appropriate. It is the implementation of that detailed schedule that seems to be the issue at times. Both parents still feel they are not adequately consulted on important issues regarding their child." Referring to the SPPA, Dr. Friedman concluded "if it's not broken, no need to fix it . . . [b]ut the parents must do a far better job of communicating with one another for the betterment of [the child's] future welfare."

The court conferenced the matter with counsel on May 4, 2015. Absent an agreement, counsel were directed to provide additional submissions prior to a plenary hearing that was scheduled for May 15, 2015. On May 12, 2015, defendant's counsel submitted a memorandum to the court documenting defendant's concerns about the child's academic progress, followed by a supplemental memo forwarding additional documentation the next day. Plaintiff's

counsel submitted a legal memorandum on May 14, 2014, contending that: (1) no plenary hearing was necessary because defendant failed to establish changed circumstances or a genuine and substantial factual dispute regarding the welfare of the child; (2) the case was required to be referred to mediation pursuant to Rules 5:8-1 and 1:40-5; and (3) the court should have set a discovery schedule prior to scheduling a plenary hearing.

When the parties appeared on May 15, 2015, the court heard oral argument of counsel but no testimony was taken. The judge denied defendant's application for sole custody, but modified the SPPA to grant defendant overnight parenting time every Wednesday, and each Saturday from 9:00 a.m. until 6:00 p.m. when he did not have weekend visitation. The judge denied plaintiff's motion to modify the SPPA. Additionally, even though at the outset of the argument the judge noted, "First, [plaintiff's counsel] has every right to get a mediation," the court's memorializing order nonetheless "denied [plaintiff's] counsel['s] application for mediation as counsel had ample time to make a petition for same."

A dispute soon arose over the parties' varying interpretations of the May 15, 2015 order. Plaintiff contended that the modification granting defendant additional parenting time applied only to the regular parenting schedule and not the summer vacation schedule. In support of her position, plaintiff relied

on the judge's remark at the conclusion of her decision that "[v]acation time stays the same." Defendant in turn contended that the order amended the SPPA throughout the entire year. Both counsel addressed letters to the court requesting clarification of the order. On June 5, 2015, the judge's law clerk sent an email to counsel advising:

> On May 15, 2015, this [c]ourt ordered that all terms of the [SPPA] shall remain in full force and effect <u>EXCEPT</u> that [defendant] is entitled to additional parenting time including overnight on Wednesdays and parenting time every other Saturday from 9:00 a.m. [until] 6:00 p.m. in addition to what has already been established by the [SPPA]. The [c]ourt did not change the summer or special holiday schedules. Those shall remain the same as originally agreed to by the parties under the [SPPA].
>
> Hope this can clear up any confusions with respect to the order. If you have any additional questions please feel free to contact chambers. Thank you.[2]

Plaintiff thereafter moved to recuse the judge on the basis that she had previously served as a member of the Essex County Board of Chosen Freeholders approximately thirteen years earlier when defendant's attorney was appointed deputy counsel to the Board. Plaintiff also sought to vacate the orders previously

---

[2] We know of no authority permitting law clerks to make definitive declarations or clarifications about what a trial judge meant in an order. We take this opportunity to caution trial judges against the use of such procedure.

A-1092-15T2

entered by the judge. The judge denied the motion on August 19, 2015, setting forth her reasons in a comprehensive eight-page written opinion. However, the judge reassigned the case to another judge "out of an abundance of caution."

Defendant subsequently moved to enforce the May 15, 2015 order. On September 28, 2015, a second Family Part judge heard argument on the motion, including the parties' conflicting interpretations of the May 15, 2015 order. The judge noted that the first judge had entered the order "[a]fter an extensive plenary hearing." He concluded "that the intent and the implementation of the May 15th order was intended to be every Wednesday, along with every Saturday . . . when [] defendant did not have the child for the full weekend." The judge entered a memorializing order finding plaintiff in violation of litigant's rights by refusing to implement the provisions of the May 15, 2015 order during the summer vacation period. In addition to ordering make-up parenting time, the judge agreed to entertain an award of counsel fees upon submission of an updated affidavit of services from defendant's attorney. On October 26, 2015, the judge issued an order and a statement of reasons awarding defendant a $2755 counsel fee.

## II.

On appeal, plaintiff renews the arguments she presented to the trial court. With respect to the May 15, 2015 and August 19,

A-1092-15T2

2015 orders, she argues that: (1) there was no showing of changed circumstances affecting the welfare of the child to justify modifying the SPPA; (2) the hearing conducted was not a plenary hearing because it lacked formality and deprived plaintiff of a meaningful opportunity to conduct discovery and examine witnesses; (3) the court failed to order mediation as mandated by Rule 5:8-1; and (4) the first judge should have recused herself, rescinded her May 15, 2015 order, and awarded her attorney's fees. Regarding the September 28, 2015 and October 26, 2015 orders, plaintiff contends that the second judge erred in clarifying and enforcing the May 15, 2015 order and awarding defendant counsel fees.

We begin our analysis by reiterating that we provide substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007))(alteration in original). While no special deference is accorded to the judge's legal conclusions, Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995), we "'should not disturb the factual findings and legal conclusions

of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, supra, 154 N.J. at 412). We "reverse only to 'ensure that there is not a denial of justice' because the family court's 'conclusions are [] "clearly mistaken" or "wide of the mark."'" Id. at 48 (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)) (alteration in original).

Generally, when courts are confronted with disputes concerning custody or parenting time, the court's primary concern is the best interests of the child. See Sacharow v. Sacharow, 177 N.J. 62, 80 (2003); Wilke v. Culp, 196 N.J. Super. 487, 497 (App. Div. 1984), certif. denied, 99 N.J. 243 (1985). The court must consider "what will 'protect the safety, happiness, physical, mental and moral welfare of the child.'" Mastropole v. Mastropole, 181 N.J. Super. 130, 136 (App. Div. 1981) (quoting Beck v. Beck, 86 N.J. 480, 497 (1981)). "A judgment, whether reached by consent or adjudication, embodies a best interests determination." Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993). Consequently, when a parent seeks to modify a parenting time

schedule, that parent "must bear the threshold burden of showing changed circumstances which would affect the welfare of the [child]." Ibid.

In the present case, we agree with plaintiff's argument that the first judge erred in failing to order the parties to mediation as mandated by Rule 5:8-1. We recently ruled:

> With respect to mediation, Rule 5:8-1 makes clear that "[i]n family actions in which the court finds that either the custody of children or parenting time issues, or both, are a genuine and substantial issue, the court shall refer the case to mediation in accordance with the provisions of [Rule] 1:40-5." (Emphasis added). In order to provide a reasonable and meaningful opportunity for mediation to succeed, the trial court should confer with counsel and thereafter enter a case management order: (1) identifying the issues the mediator should address to resolve the parties' custodial dispute; and (2) setting an initial two-month deadline to report back as required under Rule 5:8-1, with the proviso that this time can be extended "on good cause shown." Ibid. Although the parties are not required to present expert opinion testimony during the mediation process, they are free to agree otherwise. Ibid. In short, the court must give the parties and the mediator all rights conferred under Rule 5:8-1.
>
> The case management order must also include a clear and definitive date for ending the mediation process. Ibid. The trial judge is ultimately responsible for the progress of any litigation. The judge thus remains in control of the case at all times, and must guard against either party abusing the mediation process by treating it as [a] tactic

11

> to delay, frustrate, or otherwise undermine the custodial or parenting time rights of the adverse party.
>
> [D.A. v. R.C., 438 N.J. Super. 431, 451-52 (App. Div. 2014).]

Here, at a minimum, genuine and substantial parenting time issues clearly existed between the parties. Both were dissatisfied with the existing SPPA and sought to modify it. The expert psychologist, Dr. Friedman, identified issues regarding the implementation of the SPPA and the parties' need for improved communication for the betterment of the child's future welfare. The first judge similarly found the parties' failure to communicate about parenting issues was "egregious." Accordingly, the matter should have been referred to mediation pursuant to Rule 5:8-1.

In arriving at this conclusion, we observe that while the parties' relationship appears acrimonious, mediation did prove successful in resolving their past differences. As we noted in D.A., supra, "a professionally trained mediator is capable of creating an environment that fosters compromise over intransigence, enabling these litigants to subordinate their emotionally-driven personal interests to the higher needs of their [daughter] to have both of [her] parents involved in [her] life." Id. at 452.

Moreover, we are unable to conclude on this record that plaintiff somehow waived this mandatory mediation process. Plaintiff's counsel represented at the outset that he had proposed that the parties return to mediation, and he reiterated this position in the legal memorandum he submitted prior to the "plenary hearing." It is also difficult to reconcile the first judge's statement upon commencement of the May 15, 2015 hearing that plaintiff "has every right to . . . mediation," with her subsequent rejection of the mediation application as untimely. Consequently, we reverse the May 15, 2015 order, and the September 28, 2015 order that purported to clarify and enforce it, and remand for the trial court to refer this matter to mediation as required under Rule 5:8-1.

If mediation fails to resolve the custody and parenting time issues raised by the parties, the trial court shall consider all relevant evidence anew. The court shall accelerate the hearing, after allowing appropriate time for limited discovery and any additional submissions by the parties. We defer to the motion judge's determination as to whether to schedule a plenary hearing. Jacoby v. Jacoby, 427 N.J. Super. 109, 123 (App. Div. 2012). "A plenary hearing is required when the submissions show there is a genuine and substantial factual dispute regarding the welfare of the child[], and the trial judge determines that a plenary hearing

is necessary to resolve the factual dispute." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007); see also Lepis v. Lepis, 83 N.J. 139, 159 (1980) (holding "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary," and noting that "[w]ithout such a standard, courts would be obligated to hold hearings on every modification application") (citation omitted).

Parenthetically, we identify a separate and independent basis to reverse the September 28, 2015 and October 26, 2015 orders. Unlike the second judge, we find it far from clear that the decision awarding defendant increased parenting time was intended to apply during the summer vacation period as well as the regular parenting schedule. Rather, the first judge's remarks at the May 15, 2015 hearing, and her law clerk's June 5, 2015 email purporting to clarify the judge's ruling, appear to suggest otherwise. We are thus unable to conclude that plaintiff's interpretation of the May 15, 2015 order was erroneous or that she violated it in bad faith. Consequently, we reverse the September 28, 2015 order finding plaintiff in violation of litigant's rights, and the October 26, 2015 award of counsel fees in favor of defendant.

Lastly, we conclude that reversal of the first judge's August 19, 2015 order is unwarranted, as the judge's former position did not give rise to any conflict, real or apparent, and she did not

show the requisite hostility or bias against plaintiff. Suffice it to say, we find no abuse of discretion in the judge's decision to deny recusal. See Panitch v. Panitch, 339 N.J. Super. 63, 67, 71 (App. Div. 2001) (stating recusal rests in the sound discretion of the trial court, and will be reversed only upon an abuse of that discretion); see also Jadlowski v. Owens-Corning Fiberglas Corp., 283 N.J. Super. 199, 221 (App. Div. 1995) (citing Magill v. Casel, 238 N.J. Super. 57, 63 (App. Div. 1990)) ("The trial judge is in as good a position as any to evaluate a claim that an action has the appearance of impropriety."), certif. denied, 143 N.J. 326 (1996). We do not discern any facts cited by plaintiff that would lead "a reasonable, fully informed person [to] have doubts about the judge's impartiality[.]" DeNike v. Cupo, 196 N.J. 502, 517 (2008). In any event, the issue appears to have been rendered moot by the judge's determination to reassign the case to another judge, and our reversal of the May 15, 2015 order on other grounds.

Affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-1092-15T2