NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3254-16T4

LIONEL POWELL and LP TRUCKING,
INC.,

 Plaintiffs-Respondents,

v.

LASTING LEGACY, JENNA ZERINGO,
VIRGILLO, AAA MIDLANTIC,
GEICO, NJM a/s/o MARY DAMPF,
ROCHDALE INSURANCE COMPANY, and
WESTERN UNITED INSURANCE COMPANY,

 Defendants,

and

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,

 Defendant-Appellant.

______________________________________________________________

 Argued September 19, 2017 – Decided September 28, 2017

 Before Judges Fisher and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Docket No.
 L-0875-15.

 John T. Coyne argued the cause for appellant
 (McElroy, Deutsch, Mulvaney & Carpenter, LLP,
 attorneys; Mr. Coyne and Diana M. Hendry, on
 the brief).

 Richard M. Pescatore, argued the cause for
 respondents Lionel Powell and LP Trucking
 (Richard M. Pescatore, PC, attorneys; Mr.
 Pescatore, on the brief).

 Audrey L. Shields argued the cause for
 respondents Lasting Legacy and Jenna Zeringo
 (Golden, Rothschild, Spagnola, Lundell,
 Boylan & Garubo, PC, attorneys; Ms. Shields,
 on the brief).

PER CURIAM

 We granted the motion of defendant, National Liability & Fire

Insurance Company (NLF), for leave to appeal an order disqualifying

its attorneys McElroy, Deutsch, Mulvaney and Carpenter (McElroy).

We are compelled to vacate the court's order and remand the motion

because the judge failed to provide a rationale for his ruling.

 Plaintiffs, Lionel Powell and LP Trucking, Inc., were sued

following a motor vehicle accident. NLF, subject to a reservation

of rights,1 retained the law firm of Tompkins, McGuire to defend

plaintiffs in the action brought by a party injured in the

accident.

 McElroy filed a declaratory judgment action in federal court

on NLF's behalf seeking a judicial determination that plaintiffs'

1
 NLF claimed plaintiffs' insurance agent, Lasting Legacy, LLP,
cancelled plaintiffs' insurance coverage by emailing a signed
request for cancellation prior to the accident.

 2 A-3254-16T4
insurance policy through NLF was cancelled, and that NLF did not

cover or owe plaintiffs a duty to defend or indemnify.

 Richard Pescatore, now and then, represents plaintiffs in a

suit brought against plaintiffs' insurance agent in the Superior

Court of New Jersey seeking indemnification for damages resulting

from the agent's unauthorized cancellation of NLF's policy.2

 Both McElroy and Tompkins, McGuire were involved in a

mediation of claims related to the motor vehicle accident. Neither

plaintiffs nor Pescatore participated. Although mediation did not

result in an immediate settlement, NLF later settled the underlying

claims brought by the injured party. McElroy admits that it "took

the lead" in negotiating that settlement, explaining the

settlement involved a coincident assessment of the tort claim and

coverage issues. To that point, McElroy negotiated with the

injured party's uninsured motorist (UM) carrier and obtained

contribution from them, ostensibly because of the UM carrier's

potential exposure if NLF prevailed in the declaratory judgment

action. The injured party, and his UM carrier, signed releases

in favor of both NLF and, as NLF's potential insured, plaintiffs.

Plaintiffs' claims, including those against NLF, were not

2
 The initial complaint was thrice amended to add other defendants,
including NLF.

 3 A-3254-16T4
resolved, and this motion was made to disqualify McElroy from

representing NLF in that pending action.

 Plaintiffs made numerous arguments to the motion judge, some

of which were not germane to the issue of disqualification; rather

they pertained to substantive claims involving the alleged

cancellation of NLF's coverage, and other coverage-related issues.

According to plaintiffs, the motion to disqualify McElroy "was

based upon a variety of reasons including conflict of interest,

violation of Rules of Professional Conduct and the conduct of

NLF's principal adjuster . . . wherein Powell claimed prejudice

and estoppel."

 Plaintiffs contend "[a]ny one of several transgressions by

counsel in the [McElroy] firm provided more than a sufficient

basis to support [the judge's] order of disqualification. After

two extensive oral arguments and a review of extensive

documentation, the [c]ourt appropriately entered an order of

disqualification and barred McElroy from further participation."

Echoing the motion judge's decision, plaintiffs claim, "[t]he

basis for the disqualification is contained in the record below."

 More specifically, plaintiffs advance that the McElroy

attorney falsely stated in a certification that he "never spoke

with or had any conversations with Powell's representative." In

the certification, counsel asserted that he had "never spoken with

 4 A-3254-16T4
Lionel Powell or any representative of LP Trucking." 3 Despite

plaintiffs' argument that the "false certification was obviously

considered by the court below in conjunction with the same

attorney's undisputed communications with Powell's

representative/counsel," and that McElroy's counsel's false

representation "was viewed as especially egregious by the [motion]

court," we do not know if the motion judge found the certification

false. He never made a credibility finding, nor could he since

he did not conduct an evidentiary hearing. We do not know if his

decision was even based on that statement.

 Plaintiffs also claim that the McElroy attorney settled the

claims at mediation after making the "false and misleading"

statement to plaintiffs' personal counsel that he would "not

proceed with the settlement if it will still have to defend your

client's affirmative claim." Plaintiffs assert that the motion

judge considered emails between the McElroy attorney and

plaintiffs' personal counsel that buttress this claim. Again, we

do not know which of plaintiffs' arguments the judge adopted.

3
 The McElroy attorney admits that he spoke with plaintiffs'
counsel, but considered that discussion one between attorneys; he
did not view plaintiffs' counsel as a "representative of LP
Trucking." Plaintiffs contend their counsel was a
"representative" and that MDMC counsel's statement is false.

 5 A-3254-16T4
 The foregoing is but a sampling of the reasons plaintiffs

proposed for McElroy's disqualification. We do not know which of

the many legal grounds advanced by plaintiffs formed the basis for

the judge's ruling. We cannot ascertain if the facts supported

the judge's unspoken legal conclusion because he provided no

rationale for his decision.

 We cannot assess the judge's findings of fact and conclusions

of law unless we know what they are. See Magill v. Casel, 238

N.J. Super. 57, 65 (App. Div. 1990) (holding, in the context of

an application for judicial recusal, the "challenged judge who

hears the motion should painstakingly set forth the . . . bases

for the ultimate decision" in order to allow proper appellate

review).

 We vacate the order and remand the case to another judge for

further proceedings in conformity with this opinion. We do not

retain jurisdiction.

 6 A-3254-16T4