**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0754-17T2

REBECCA A. SENSOR,

     Plaintiff-Appellant,

v.

CHRISTOPHER J. SENSOR,

     Defendant-Respondent.

_____

        Argued October 11, 2018 – Decided October 29, 2018

        Before Judges Nugent and Reisner.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0416-15.

        Elizabeth M. Vinhal argued the cause for appellant (Brian Schwartz, LLC, attorneys; Elizabeth M. Vinhal, on the brief).

        Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial case, plaintiff Rebecca A. Sensor appeals from a September 26, 2017 order denying her motion for recusal of the trial judge. We affirm.

To put the appeal in context, the parties were married in May 2013, had a child in early 2014, and were living separately by August 2014. Plaintiff filed for divorce in September 2014. On January 25, 2016, plaintiff and defendant entered into a matrimonial settlement agreement (MSA). As part of the MSA, they agreed to joint legal custody and fifty-fifty shared parenting of their son, who was almost two years old at the time. They also agreed that plaintiff could move from New Jersey to Maryland, and could exercise her parenting time with the child in Maryland. The MSA recited that defendant lived in New Jersey and would exercise his parenting time in New Jersey.

In April 2016, about four months after the divorce settlement, plaintiff filed an order to show cause seeking to set aside the settlement and seeking emergent relief. She claimed that defendant remarried shortly after the divorce, and was living in Pennsylvania, not New Jersey. Plaintiff asserted that defendant engaged in fraud during the settlement negotiations, by failing to disclose that he was cohabiting with his girlfriend in Pennsylvania.

Plaintiff asserted that she made concessions in the settlement negotiations, because she did not know that defendant was either living in Pennsylvania or planning to permanently relocate there. She asserted that, had she known that defendant was in a "serious relationship and not living in New Jersey with his parents," she would not have agreed to a "50/50 parenting schedule" but instead would have pursued a claim to be appointed the parent of primary residence. As relief, plaintiff asked the court to set aside the custody agreement portion of the MSA and conduct a custody trial. She also asked the court to immediately suspend defendant's parenting time on an emergent basis.

The trial judge declined to entertain the application on an emergent basis, but treated it instead as a motion. She permitted the parties to take discovery and scheduled a plenary hearing on whether the custody aspect of the MSA should be set aside due to fraud.

However, on September 25, 2017, the day the plenary hearing was scheduled to begin, plaintiff filed a motion seeking the judge's recusal. On September 26, 2017, the judge denied the motion, for reasons she stated at length on the record, and she denied plaintiff's request for a stay of the plenary hearing pending appeal. At that point, plaintiff withdrew her application for the plenary hearing "without prejudice." This appeal followed, limited to the recusal order.

A-0754-17T2

Plaintiff presents one point of argument for our consideration:

> THE TRIAL JUDGE ERRED WHEN SHE FAILED TO RECUSE HERSELF PURSUANT TO RULE 1:12-1(D) & (G) AND RULE 1:12-2 AS A RESULT OF HER NOT ONLY GIVING AN OPINION AS TO A MATTER IN QUESTION BUT ALSO IN REGARD TO CLEAR BIAS TOWARDS PLAINTIFF THROUGHOUT THE POST-JUDGMENT LITIGATION.

To begin by defining the scope of this appeal, plaintiff's counsel confirmed at oral argument that the only relief plaintiff is seeking is recusal of the judge from hearing any future proceedings in the case.[1] Plaintiff is not seeking relief from, and has not appealed from, any of the prior orders the judge entered in the case. See Magill v. Casel, 238 N.J. Super. 57, 62 (App. Div. 1990) (noting that appeals are taken from judgments, and an appeal from the denial of a recusal motion cannot be used to obtain an advisory opinion on interlocutory orders in the case). Accordingly, we will not address the merits of the judge's rulings on discovery or other issues relating to the plenary hearing. Our review is limited to whether the judge abused her discretion in denying the recusal

---

[1] Because plaintiff withdrew her hearing request without prejudice, for the purpose of obtaining appellate review of the recusal order before proceeding with a plenary hearing, arguably this appeal is interlocutory. However, in the interests of justice we will consider the appeal from the recusal order.

motion.  See P.M. v. N.P., 441 N.J. Super. 127, 140 (App. Div. 2015).  We find no abuse of discretion.

In support of her recusal claim, plaintiff asserts that the trial judge was impatient with plaintiff's counsel, expressed hostility toward plaintiff, indicated that she had prejudged an issue in defendant's favor, and focused undue attention on the issue of the child's best interests as opposed to plaintiff's right to negotiate the MSA without being a victim of fraud.  Plaintiff also expresses dissatisfaction with several of the judge's pre-hearing orders, claiming that the judge unduly limited the scope of pre-hearing discovery and was inconsistent in framing the issues to be tried.

As we previously indicated, this appeal is not the appropriate vehicle to challenge the judge's legal rulings on the scope of discovery, or the judge's possible legal errors in framing the issues in the case.  We understand that a litigant may regard an adverse ruling as evidence of judicial bias, but recusal is not required unless that view is "objectively reasonable."  State v. Marshall, 148 N.J. 89, 279 (1997).  Based on our review of the record, we find no evidence of bias, or the appearance of bias, in the judge's decisions or comments on those issues.

5

We have also closely reviewed the hearing transcripts on which plaintiff relies. We find no evidence that the judge was hostile to plaintiff, biased or unfair. To the contrary, the judge appeared patient and focused in her attempts to handle a zealous attorney and a pro se defendant, both of whom persisted in interrupting each other and interrupting the judge. The judge also patiently sorted through the parties' voluminous discovery requests and their motions and cross-motions for interim relief.

We have searched the transcripts for the allegedly inappropriate comments to which plaintiff adverts. We find nothing inappropriate. Many of the quotations in plaintiff's brief are taken out of context or otherwise do not accurately reflect what occurred. For example, at the first motion hearing, the judge explained to both parties the emotional harm that continuing custody litigation could cause to their young child. She read to them a long and cogent passage from a case summarizing that point. We find nothing hostile or biased in the judge's comments. The fact that the judge subsequently made rulings with which plaintiff took issue does not mean that the judge was biased. Marshall, 148 N.J. at 279. Likewise, we find nothing inappropriate in the judge's measured response to the attorney's filing a recusal motion on the morning of the first hearing day.

In short, we find no factual basis to support plaintiff's appellate arguments, and we find no abuse of discretion in the judge's decision to deny the recusal motion. See P.M., 441 N.J. Super. at 140. The judge cogently explained her reasons for denying the motion, explaining that plaintiff's dissatisfaction with her rulings did not constitute grounds for recusal. We affirm for the reasons stated by the trial judge and the reasons set forth in this opinion. Plaintiff's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION