**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2831-24

SARAH V. HOWLAND,

     Plaintiff-Appellant,

v.

LEVENT BURAK VURAL,

     Defendant-Respondent.

_____

> Submitted January 7, 2026 – Decided February 23, 2026
>
> Before Judges Paganelli and Jacobs.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1404-22.
>
> Siegel Law LLC, attorneys for appellant (Robert H. Siegel, of counsel and on the briefs).
>
> Guvenc Acarkan, attorney for respondent.

PER CURIAM

In this matrimonial matter, plaintiff Sarah V. Howland appeals from a March 27, 2025 order that precluded her from asserting a claim for "child-

bearing compensation" regarding her three children with defendant Levent Burak Vural. Without reaching the merits of whether "child-bearing compensation" is a cognizable claim, we affirm.

We glean the undisputed facts from the record. The parties were married on November 1, 2017. Three children were born of the marriage, in July 2018, January 2020, and May 2022. In January 2022, plaintiff filed for divorce. In September 2024, "[t]he parties engaged in mediation" and entered into a "binding agreement." The parties' agreement provided for joint legal custody of the children and a parenting time schedule.

On February 11, 2025, the trial court entered a pre-trial order that provided: "The following issues are in dispute and the trial will be limited to the following: [e]quitable [d]istribution, house, credits, [c]hild [s]upport, and defendant's request for alimony."

Thereafter, on March 27, 2025, the trial court held a pre-trial conference. As relevant to the appeal, the judge explained at the pre-trial conference the following regarding her claim for "child-bearing compensation":

> Finally, [plaintiff] wanted this so I'm going to give it to her . . . so . . . she has a record for appellate purposes, but I would invite you to look at the two prior hearings and the prior orders because I've addressed this then, as well. The [c]ourt previously addressed on the record and in prior orders the preclusion of the new

2

claim by plaintiff which was not the subject of a motion to amend her pleading or formal amendment of written discovery responses, and for which no law continues to be cited in support of what continues to appear to be a tort related claim for which the [c]ourt has already permitted any tort related claim to survive this action.

I'd . . . also note that there's no competent proof under Rule 1:6-6 of the claim cost for the last paragraph in [p]aragraph 16 of plaintiff's [c]ounsel's submission. This has to do with the monetary claim that plaintiff is presenting that should be considered as part of equitable distribution.

By the . . . language that plaintiff previously used in terms of monetary damages, and the language that's used in the trial submission, this is a tort claim and it should be plead as such. It's not part of equitable distribution. It's an interesting, very intellectual concept, but I'm not aware of any authority in the State of New Jersey or anywhere else in the country, and I presume if such authority existed you would have cited it to me. Your client had ample opportunity, she is a lawyer, she does family law, to provide me with . . . a reference or even a [Consumer Fraud] type of argument. I have no legal basis for this new claim. So it's rejected for two reasons.

1. It wasn't part of an amended pleading. It's not part of an amended discovery response. I'm not reopening discovery.

[2.] . . . [T]here's no law in favor of it.

So that's the order that I'm going to enter today.

In the resultant pre-trial order, the trial court wrote:

3

The [c]ourt previously addressed on the record and in prior [o]rders the preclusion of the new claim by plaintiff, which was not subject of a motion to amend her pleading or formal amendment of written discovery responses, and for which no law continues to be cited in support of what continues to appear to be a tort-related claim, for which the [c]ourt has already permitted any tort-related claim to survive this action. There is also no competent proof under R[ule] 1:6-6 of the claimed cost per the last paragraph . . . of plaintiff's counsel's submission.

Defendant did not move for leave to appeal the court's pre-trial interlocutory order.

A dual judgment of divorce (JOD) was filed on April 21, 2025. The JOD included

the terms of the parties' agreement as placed on the record are as follows[1]:

1.   Parties previously settled issues of custody and parenting time through mediation. Term sheet is attached hereto.

. . . .

5. . . . [P]laintiff shall make a payment for child support arrears of $15,000 to . . . defendant payable in three equal monthly installments of $5,000 per month . . . .

6.   Child support is set per the attached child support guidelines in the amount of

---

[1]  We have not been provided with the transcript.

4

$149[] per week to be paid by plaintiff . . . . Parties agree to income imputation for plaintiff of $130,000 and $80,000 for defendant with plaintiff having 120 overnights.

. . . .

8. Starting in 2025, plaintiff shall take two children as exemptions and defendant shall take one child as an exemption, and they shall alternate on this 2-1 basis thereafter, until the eldest child is emancipated, at which time they will each take one child per year as an exemption.

. . . .

10. Both parties waive alimony and equitable distribution . . . .

11. All issues not addressed set forth above are deemed waived and abandoned.

On appeal, plaintiff contends the trial court erred because in its March 27, 2025 pretrial order it "rejected [plaintiff]'s birth compensation claim for inclusion as a claim, or offset, related to equitable distribution, or as any other financial issue reserved for trial, [it] foreclos[ed plaintiff]'s ability to raise it at trial," and "had the corollary effect of foreclosing [plaintiff] from raising the novel issue as part of settlement discussions."

5

Plaintiff argues that her "body and physical health constitute pre-marital 'assets' that were invested into the parties' marriage."  She asserts that although "both parties now enjoy the benefits of their children, [defendant] has not had to make the same physical and emotional sacrifices."

Further, plaintiff argues "the applicable New Jersey statutes as constructed are inherently unconstitutional," in "effect . . . divesting one group (women) and not another (men) of fair compensation for contributions." Plaintiff notes the statutes governing equitable distribution, N.J.S.A. 2A:34-23.1(a) to (p); child support, N.J.S.A. 2A:34-23(a)(1) to (10); and alimony, N.J.S.A. 2A:34-23(b)(1) to (14), do "not include child-birthing credits." Plaintiff avers that "public policy demands" she be fairly compensated for her contribution to the marriage.

Plaintiff notes each statute allows the court to consider "[a]ny other factors which the court may deem relevant," see N.J.S.A. 2A:34-23.1(p); N.J.S.A. 2A:34-23(a)(10); and N.J.S.A. 2A:34-23(b)(14); and argues we should interpret the statutes such that "child-bearing compensation should be an 'other' factor to be considered in dividing marital assets."

Plaintiff suggests the "[c]alculation for such compensation would be equal to half the cost of surrogacy."  She offers that "the base compensation for the

6

services of a surrogate for the years 2018, 2020, and 2022, when the parties' children [were born] is generally accepted to be between $45,000 and $65,000." While recognizing a trial court would have to determine the actual amount, plaintiff avers that even the low range would total $135,000, thus entitling her "to compensation for half of this amount, $67,500."

In addition, plaintiff contends "the trial court's assertion that all other equitable distribution claims were waived is semantic" because having disallowed the "child-bearing compensation" claim, equitable distribution was not contemplated when "[t]he parties reached a settlement" and the JOD was entered. Further, plaintiff argues the trial court erred in determining that she was required to assert her novel claim in a "specific pleading."

Our review begins with plaintiff's notice of appeal and civil case information statement filed in this appeal. In both documents, plaintiff states that she appeals from the March 27, 2025 interlocutory pre-trial order, but not from the final JOD filed on April 21, 2025. "[I]t is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt 6 on R. 2:5-1(f)(3)(i) (2001)).

However, "[a] party may not seek appellate review of an adverse interlocutory order without seeking relief from the outcome of the litigation as embodied in the judgment. . . . " N.J. Schs. Constr. Corp. v. Lopez, 412 N.J. Super. 298, 309 (App. Div. 2010) (alteration in the original) (quoting Magill v. Casel, 238 N.J. Super. 57, 62 (App. Div. 1990)). Therefore, plaintiff's appeal is subject to dismissal. See Magill, 238 N.J. Super. at 62 ("We dismiss the appeal, without expressing any views on the merits, for want of any challenge addressed to the judgment.").

Nevertheless, we recognize if successful, plaintiff's appeal of the interlocutory order would undermine the JOD and the parties' agreement because it would re-open the matter for consideration of her novel theory. Therefore, it could be argued the appeal of the interlocutory order was a de facto appeal of the JOD. However, even that recognition does not save plaintiff's appeal because "a judgment or order entered with the consent of the parties is ordinarily not appealable for the purpose of challenging its substantive provisions." N.J. Div. of Youth & Fam. Servs. v. N.S., 412 N.J. Super. 593, 618-19 (App. Div. 2010). There is nothing in the record to suggest that the parties did not consent to the entry of the April 21, 2025 JOD.

A-2831-24

Further, and putting aside these other issues, the parties' agreement was incorporated into their JOD. Public policy favors the settlement of litigation. See Pascarella v. Bruck, 190 N.J. Super. 118, 125 (App. Div. 1983) (noting that "settlement of litigation ranks high in our public policy." (Quoting Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961))). As here, "the practice of spreading the terms of the agreement upon the record" is "familiar." Pascarella, 190 N.J. Super. at 124. It "is of no consequence" that a settlement is "orally made." Ibid. "A settlement agreement between parties to a lawsuit is a contract." Cumberland Farms, Inc. v. N.J. Dep't of Env't Prot., 447 N.J. Super. 423, 438 (App. Div. 2016) (quoting Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)). A settlement agreement's "interpretation and construction . . . is a matter of law . . . subject to de novo review on appeal." Ibid.

The parties' agreement provided that they both waived "alimony and equitable distribution" and "[a]ll issues not addressed."

Waiver under New Jersey law

> is the voluntary and intentional relinquishment of a known right. An effective waiver requires a party to have full knowledge of his [or her] legal rights and intent to surrender those rights. The intent to waive need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or

A-2831-24

indifference. The party waiving a known right must do so clearly, unequivocally, and decisively.

[Knorr v. Smeal, 178 N.J. 169, 177 (2003) (citations omitted).]

A waiver must be established by "clear and convincing evidence." Home Owners Constr. Co. v. Glen Rock, 34 N.J. 305, 316-17 (1961); see also Headley v. Cavileer, 82 N.J.L. 635, 640 (E. & A. 1912) ("[W]aiver will not be inferred unless the evidence is clear and convincing."). Waiver is generally "regarded as a conclusion of fact." Jasontown Apartments v. Lynch, 155 N.J. Super. 254, 259 (App. Div. 1978). However, "where [only] one conclusion can be reached on the facts . . . it becomes a matter of law." Ibid. "When deciding a purely legal issue, review is de novo." Kaye v. Rosefielde, 223 N.J. 218, 229 (2015) (quoting Fair Share Hous. Ctr., Inc. v. N.J. State League of Municipalities, 207 N.J. 489, 493-94 n.1 (2011)).

Because we consider the parties' settlement agreement, and only one conclusion can be reached on the facts regarding their waiver, we undertake a de novo review. We are convinced that plaintiff waived any claim to equitable distribution or alimony, including her novel claim for "child-bearing compensation." In addition, we are convinced that the parties' agreement to waive "[a]ll issues not addressed" subsumed plaintiff's claim for "child-bearing

compensation," a claim that had been raised, denied by the trial court, and not re-addressed in their settlement agreement.

Next, we note, as the trial court did, that plaintiff has not presented any legal authority for her claim for "child-bearing compensation." Given the magnitude of the decision, not just for these parties, but for others, married or not, in child-bearing relationships, we decline to consider the merits of the claims absent an adequate legal basis. See State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) ("Just as we are not obliged to address an argument raised only in a footnote, Almog v. Israel Travel Advisory Serv., Inc., 298 N.J. Super. 145, 155 (App. Div. 1997), we are not obliged to address an argument raised only in a chart attached to the brief, see [R]ule 2:6-2(a)(6) (describing mode of presenting legal argument in appellant's brief).").

To the extent we have not addressed plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant further decision in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11                                                                A-2831-24