**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5227-17T3

W. PATRICK BEATON and
YUE YU,

     Plaintiffs-Appellants,

v.

ANITA GILMORE and
MATTHEW J. GILMORE,

     Defendants-Respondents,

and

TIMOTHY SARRO,

     Defendant.

_____

Submitted February 28, 2019 – Decided May 30, 2019

Before Judges Whipple and Firko.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4096-16.

W. Patrick Beaton and Yue Yu, appellants pro se.

Stacy Ann Biancamano, attorney for respondents.

PER CURIAM

Plaintiffs pro se, W. Patrick Beaton and Yue Yu, appeal from a May 25, 2018 order granting summary judgment to defendants Anita and Matthew Gilmore, a January 20, 2017 order dismissing the matter for failure to state a claim, and a February 3, 2017 order denying plaintiffs' motion to file a second amended complaint.[1]  We affirm.

We discern the following facts from the record.  This case began as a dispute between defendants and plaintiffs, neighbors in Kearny.  On October 21,

---

[1] Plaintiffs' Notice of Appeal only indicates an appeal of the May 25, 2018 order.  The Case Information Statement (CIS) points to orders on May 25, 2018, March 29, 2018, February 3, 2017, and January 20, 2017.  In the May 25, 2018 order, the judge denied plaintiffs' motion to vacate summary judgment.  During the May 25, 2018 oral argument, the judge also issued an oral decision denying plaintiffs' motion for recusal.  The March 29, 2018 order granted summary judgment in favor of defendants Anita and Matthew Gilmore.  The February 3, 2017 order denied plaintiffs' motion to file a second amended complaint.  The January 20, 2017 order dismissed plaintiffs' complaint against Matthew Gilmore.  Because all four orders appear either in the notice of appeal or CIS, we can properly review these orders on appeal.  See Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 140-41 (2016) ("When a party appeals from a final judgment, the party may seek review of interlocutory orders that have not been rendered moot or definitively ruled upon by an appellate court in a prior or separate appeal.  An interlocutory order is preserved for appeal with the final judgment or final agency decision if it is identified as a subject of the appeal.  That may be done in the notice of appeal or the case information statement." (citations omitted)).

2016,[2] plaintiffs filed a complaint against defendants.  Upon defendants' motion, on January 20, 2017, the court dismissed certain counts against defendant Matthew Gilmore.  Thereafter, on February 3, 2017, the court denied plaintiffs' motion for leave to file an amended complaint.  Defendants moved for summary judgment.[3]  After previous unsuccessful attempts at service using certified and regular mail, defendants attempted to serve plaintiff Yu through a process server on February 28, 2018.  Yu refused to open the door for the process server, and eventually, the police were called.  Plaintiff Yu asserts the police held the door open so the process server could drop the documents at her feet.  Yu then threw the motion papers out of her home.  On March 29, 2018, the court granted defendants' summary judgment motion.

On May 1, 2018, plaintiffs sent a letter to the Hudson County Assignment Judge and the Presiding Judge of the Civil Division, requesting the court transfer

---

[2]  On appeal, plaintiffs did not provide a filing slip to accompany their undated complaint.  Plaintiffs assert the complaint provided in their appendix is the amended complaint filed October 21, 2017.  Defendants, by way of their brief, assert plaintiffs filed a civil action "[o]n or about October 21, 2017."  As the filing date of the initial complaint is not at issue, this omission alone is not fatal to plaintiffs' case.

[3]  Defendants assert they filed the motion for summary judgment on February 28, 2018; however, defendants did not provide the motion papers or any appendix to support this contention.

the matter to a different judge. Plaintiffs claimed the judge who assigned the case had a conflict of interest because he lived in Kearny and his wife was a member of the same club as one of the plaintiffs.

On May 2, 2018, plaintiffs moved to vacate the order granting summary judgment, arguing they were not served with the motion. The motion judge treated the motion to vacate as a motion for reconsideration under Rule 4:49-2 and notified plaintiffs that the Assignment and Presiding Judge had reviewed their letter and he would consider the letter as a formal motion for recusal under Rule 1:12-2.

A hearing on both motions was held on May 25, 2018. The judge denied both motions and issued an oral decision on the record. He found no grounds for recusal because he did not know the parties to the litigation and he could remain unbiased on the proceedings. The judge questioned plaintiffs' claim they did not receive defendants' motion but considered the merits of the motion for reconsideration. The judge determined plaintiffs did not meet the standard for reconsideration. This appeal followed.

I.

On appeal, plaintiffs again contend they were never actually served with the motion for summary judgment as required by Rule 1:5-1. However, this

claim is belied by plaintiffs' own account of service. Plaintiff Yu alleges that a process server, Elvin Negron, attempted to serve her and she refused service. Police were then called, and Yu alleges police held the door open while Negron effectuated service, at which point Yu threw the documents out of her home.

When service is attempted, an individual cannot avoid service by refusing to physically accept the summons. "[A] person within the jurisdiction has an obligation to accept service of process when service is attempted reasonably." Peoples Tr. Co. v. Kozuck, 98 N.J. Super 235, 239 (Law Div. 1967). The record and plaintiffs' own account of the February 28, 2018 incident establish Yu was served and then threw the papers out of her home. Yu had possession of the papers and chose to throw them out. Due process requires service of a motion must be reasonably calculated to give notice to a party of the proceedings against them. Wuchter v. Pizzutti, 276 U.S. 13, 24-25 (1928). Hand delivery of the summary judgment motion was a proper method to give notice; defendants own actions of refusing service and throwing the papers from her home do not constitute a violation of due process on defendant's part.

Plaintiffs also contend they were not properly served with the court order granting summary judgment. Plaintiffs claim the process server, Anabela Pinto, inaccurately described plaintiff Yu in her affidavit of service on April 3, 2018.

A-5227-17T3

The trial judge rejected this argument and so do we. The address in the affidavit of service matched plaintiffs' residence and the order was served on a member of the household. Further, even if service of the order was not effective, plaintiffs were not prejudiced because the judge did not bar plaintiffs' motion for reconsideration. Under Rule 4:49-2, the twenty-day timeline for a motion for reconsideration would have elapsed if the court considered April 3, 2018, as the service date; however the court considered April 30, 2018, as the effective date of service.

II.

Plaintiffs also sought to vacate the summary judgment order, which the court treated as a motion for reconsideration under Rule 4:49-2. Vacation of an order under Rule 4:50-1 would have been unavailable to plaintiffs as there was no final judgment and some claims against defendants had not been resolved at the time of motion.

Under Rule 4:49-2, reconsideration is a matter within the sound discretion of the trial court and should be exercised for good cause shown. Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 263-64 (App. Div. 1987). We only disturb the trial court's decision if it produced error that is "clearly capable of producing an unjust result." R. 2:10-2. However, the trial court's

6

interpretation of the law is afforded no special deference, and this court's review of the legal issues is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

After a careful review of the record and reasoning of the court, we find no basis for reversing the decision. We find no mistakes of law, and the decision of the trial court is not capable of producing an unjust result.

## III.

Plaintiffs also sought to have the motion judge recused from the matter on the basis of his alleged bias. On appeal, plaintiffs mistakenly contend the recusal should have been heard by a judge other than the judge in question. See Magill v. Casel, 238 N.J. Super. 57, 63 (App. Div. 1990); see also Bonnet v. Stewart, 155 N.J. Super. 326, 330 (App. Div. 1978). Plaintiffs have presented no actual evidence of apparent bias on the part of the motion judge, and this argument is without merit.

## IV.

In January 2017, plaintiffs filed for leave to file and serve a second amended complaint to add an additional party to the action. The trial court denied the motion because the complaint included counts the court had already dismissed. Plaintiffs contend the court acted improperly denying their motion

to file a second amended complaint.  Motions to amend pleadings are left to the trial judge's sound discretion and are to "be granted liberally."  Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1998); see also R. 4:9-1 (such amendments are to be "freely given in the interest of justice").  The trial judge's "exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile."  Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

In the February 3, 2017 order denying plaintiffs' motion to amend, the judge noted, "[t]he proposed amended complaint includes counts that this [c]ourt has previously dismissed.  No new facts are presented to permit amendments here."  Accordingly, the second amended complaint would have been futile and was properly denied.

Plaintiffs' other arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5227-17T3