**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0176-19T2

IN THE MATTER OF
TOWNSHIP OF BEDMINSTER,

     Respondent-Respondent,

and

PBA LOCAL 366,

     Petitioner-Appellant.

_____

Submitted June 1, 2020 – Decided July 27, 2020

Before Judges Messano, Ostrer and Susswein.

On appeal from the New Jersey Public Employment Relations Commission, P.E.R.C. No. 2020-11.

Mets Schiro & McGovern, LLP, attorneys for appellant PBA Local 366 (Leonard C. Schiro, of counsel and on the briefs; Suzanne M. Brennan, on the briefs).

Apruzzese, McDermott, Mastro & Murphy, PC, attorneys for respondent Township of Bedminster (Arthur Richard Thibault, of counsel and on the brief; H. Thomas Clarke, on the brief).

Christine Lucarelli, General Counsel, attorney for respondent New Jersey Public Employment Relations Commission (Frank C. Kanther, Deputy General Counsel, on the statement in lieu of brief).

PER CURIAM

The Policemen's Benevolent Association, Local 366 (the PBA) is the exclusive representative of police officers and sergeants employed by the Township of Bedminster (the Township). The existing collective negotiations agreement (CNA) was to expire on December 31, 2018, and the parties were unable to reach agreement on a successor CNA. The PBA filed a petition to initiate compulsory interest arbitration, see N.J.S.A. 34:13A-16(b)(2), and the Public Employment Relations Commission (PERC) appointed an arbitrator through the random selection procedure outlined in N.J.S.A. 34:13A-16(e)(1). After mediation failed to produce an agreement, the dispute proceeded to arbitration.

Neither the PBA nor the Township called any witnesses, and both agreed to review the submitted documentary evidence and amend or supplement as necessary on the next scheduled hearing day. Both sides submitted additional documents, which, in the PBA's case, the arbitrator accepted subject to the Township's objection. Thereafter, both sides filed post-hearing written statements.

The arbitrator's award set salary levels for four years commencing in 2019. The award froze the salaries at the step levels in the 2018 salary guide in the existing CNA and added a two percent salary increase for officers "at the top step and [s]ergeant position." Officers not already at the top step of the 2018 guide would advance on the steps set forth in the current CNA. The award provided for a 2% salary increase at every step level in 2020, along with step movement for all officers not at the top step. For 2021, the award froze the 2020 salary guide and awarded a 2% salary increase for officers at the top step and sergeant level, and continued the step advancement for officers not at the top step. The 2022 salary award maintained the frozen 2020 salary guide, provided a 2% increase for officers at the top step and sergeant level, and continued the salary guide advancement for officers not at the top step.

The award also provided that PBA members would continue to contribute toward the cost of health insurance consistent with Chapter 78, Tier 4 levels.[1] Additionally, effective January 1, 2020, the award eliminated Article 28, "Pool

_____

[1] This is commonly used shorthand for the Pension and Health Care Benefits Act, L. 2011, c. 78 (Chapter 78). See Matter of Ridgefield Park Bd. of Educ. & Ridgefield Park Educ. Ass'n, 459 N.J. Super. 57 (App. Div. 2019) (explaining Chapter 78 and tier contribution implementation).

A-0176-19T2

Time," in the existing CNA. The arbitrator replaced it with a new article, "Police Training[,]" which combined some language proposed by both sides.

The PBA appealed to PERC, which rendered its final decision on August 15, 2019. After discussing and rejecting the issues raised by the PBA, PERC affirmed the award, and this appeal followed.

The PBA contends we should reverse PERC's decision and remand the matter to a different arbitrator because: the arbitrator failed to sufficiently analyze the factors enumerated in N.J.S.A. 34:13A-16(g) (the statutory factors); the award violated the New Jersey Arbitration Act, specifically, N.J.S.A. 2A:24-8; the arbitrator failed to provide any analysis concerning the health benefit contributions' impact on the salary and other provisions of the award; the arbitrator mistakenly assumed the PBA had agreed to the Township's proposal regarding training; and, the arbitrator failed to disclose a disqualifying conflict of interest. We have considered these arguments in light of the record and applicable legal principles and affirm.

I.

"Judicial scrutiny in public interest arbitration is more stringent than in general arbitration[] . . . [because] such arbitration is statutorily-mandated and public funds are at stake." Hillsdale PBA Local 207 v. Borough of Hillsdale,

4

137 N.J. 71, 82 (1994) (citing Amalgamated Transit Union v. Mercer City Improv. Auth., 76 N.J. 245, 253 (1978)).  We have described "the 'scope of our review of PERC's decisions reviewing arbitration [as] "sensitive, circumspect, and circumscribed."'"  In re State, 443 N.J. Super. 380, 385 (App. Div. 2016) (quoting In re City of Camden & the Int'l Ass'n of Firefighters, Local 788, 429 N.J. Super. 309, 327 (App. Div. 2013)).

We will generally defer to PERC's interpretation of its enabling statute, the New Jersey Public Employer-Employee Relations Act, N.J.S.A. 34:13A-1 to -21, unless "its interpretation is 'plainly unreasonable, contrary to the language of the Act, or subversive of the Legislature's intent[.]'"  City of Camden, 429 N.J. Super. at 328 (alteration in original)  (quoting In re N.J. Tpk. Auth. v. AFSCME, Council 73, 150 N.J. 331, 352 (1997)). Additionally, "because of [PERC's] expertise," our review is deferential, and we "will only reverse if the decision is clearly demonstrated to be arbitrary, capricious, or unreasonable."  In re State, 443 N.J. Super. at 386 (citing In re Hunterdon Cty. Bd. of Chosen Freeholders, 116 N.J. 322, 328 (1989)).

In perfecting his or her award, the arbitrator must consider the statutory factors.[2]  "In general, the relevance of a factor depends on the disputed issues

---

[2] We have included the statutory factors as an Appendix to this opinion.

and the evidence presented. The arbitrator should determine which factors are relevant, weigh them, and explain the award in writing. In brief, the arbitrator's opinion should be a reasoned explanation for the decision." Hillsdale, 137 N.J. at 82 (internal citations omitted). "No one factor is dispositive. Yet, the factors themselves reflect the significance of fiscal considerations." City of Camden, 429 N.J. Super. at 326–27 (citing Hillsdale, 137 N.J. at 83–84). "An arbitrator need not rely on all factors in fashioning the award, but must consider the evidence on each." In re State, 443 N.J. Super. at 384 (citing Hillsdale, 137 N.J. at 83–84).

In turn, PERC's role is to

> determine whether: (1) the arbitrator failed to give due weight to the [statutory] factors he deemed relevant to the resolution of the specific dispute; (2) the arbitrator violated the standards in N.J.S.A. 2A:24-8 and -9; or (3) the award is not supported by substantial credible evidence in the record as a whole.
>
> [Id. at 385 (citing Hillsdale, 137 N.J. at 82).]

We consider the PBA's specific arguments within this framework.

## II.

### A.

The PBA contends the arbitrator "failed to provide an independent analysis of the statutory factors and relevant evidence[,]" and "provided mere

A-0176-19T2

recitations of the arguments, with only a glancing mention of the statutory factors." The only provision of the award cited by the PBA in its brief as reflecting these inadequacies is the salary award. In large part, the PBA's challenge focuses on the disparity after year four between the salary of an officer on the penultimate step on the pay scale and an officer on the final step. In 2018, the last year of the existing CNA, that difference was approximately $7400 for officers hired before January 1, 2014, and $6400 for officers hired after that date. These differences were generally consistent with differences between each of the eight steps on the pre-2014 scale, and twelve steps on the post-2014 scale. Under the award, in year four, 2022, the difference was more than $14,700 on the pre-2014 scale, and $13,600 on the post-2014 scale. The PBA argues there is no rational justification for this "balloon step[.]" It also argues, as it did before PERC, that the arbitrator failed to consider settlements surrounding municipalities reached with their police unions. We are unpersuaded.

The arbitrator devoted significant and specific discussion to the statutory factors and each party's offer and evidence. Contrary to the PBA's assertion, the arbitrator considered the salary of the union's members in comparison to other police departments and other Township employees. In affirming the award, PERC found that

the arbitrator gave due weight to the [statutory] factors, explaining the relative significance he gave to each factor in crafting his award. . . . The arbitrator demonstrated his consideration of the parties' evidence and arguments on each proposal, and explained his reasoning for accepting, rejecting, or modifying their proposals in the context of the statutory factors he found most relevant. . . . Accordingly, we reject the PBA's assertions that the award failed to adequately apply the [statutory] factors . . . .

PERC's findings and conclusions are amply supported by the analysis in the award. The PBA may object to the effect the award has on the step scale, but it has failed to demonstrate PERC's decision was arbitrary, capricious, or unreasonable. Id. at 386.

B.

The PBA argues the award failed to comply with the New Jersey Arbitration Act. N.J.S.A. 2A:24-8(a) defines one of those narrow circumstances in which an award may be vacated, specifically, "[w]here [it] was procured by corruption, fraud[,] or undue means[.]" The PBA reprises its contention that the arbitrator failed to appropriately consider the statutory factors and asserts that means the award was "procured by undue means[.]" The argument does not require extensive discussion in a written opinion. R. 2:11-3(e)(1)(E).

We have said that "an arbitrator's failure to follow the substantive law may also constitute 'undue means' which would require the award to be vacated."

8                                                                          A-0176-19T2

City of Camden, 429 N.J. Super. at 332 (quoting Jersey City Educ. Ass'n, v. Bd. of Educ. of Jersey City, 218 N.J. Super. 177, 188 (App. Div. 1987)). We have already rejected the PBA's claim that the arbitrator failed to give adequate consideration to the statutory factors or inadequately analyzed them.

In little more than a single sentence, the PBA also asserts the award must be set aside under N.J.S.A. 2A:24-8(d), because the arbitrator "so imperfectly executed [his] powers that a mutual, final[,] and definite award upon the subject matter submitted was not made." Id. at 325. The PBA contends the award was "so unclear and imprecise that the parties cannot decipher it[.]"

"An argument based on conclusory statements is insufficient to warrant appellate review." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 482 n.12 (App. Div. 2012) (citing Nextel of N.Y. v. Borough of Englewood Cliffs Bd. of Adjustment, 361 N.J. Super. 22, 45 (App. Div. 2003)). Moreover, there is nothing confusing about the award.

C.

The PBA contends that the award failed to consider the effect of Chapter 78 health benefit contributions on actual salaries, and the evidence it submitted that other police unions have effectuated settlements that provide relief through either higher wages or employer contributions to health care costs. However,

PERC found the arbitrator specifically addressed the increased health care contributions mandated by Chapter 78 in rejecting the PBA's proposal. PERC cited the arbitrator's conclusion that the evidence submitted by the PBA did "not include any Somerset County municipalities" or any concessions via employer contributions to health care costs except in the context of "settlement . . . mutually embraced by the parties during negotiations[.]" Moreover, although not cited by PERC, we note that the arbitrator refused to award the Township's proposal on health care that sought to limit new officers to membership in only certain health plans. We reject the PBA's argument in this regard.

Additionally, the PBA argues that the arbitrator mistakenly thought it had accepted the Township's proposal to eliminate Article 28 of the previous CNA, "Pool Time[,]" and replaced it with the PBA's proposal of a new Article 28, "Police Training[.]" We need not get into the particulars of the two provisions, because the argument lacks any merit and is belied by the record.

PERC concluded the arbitrator was not mistaken about the PBA's acceptance of the Township's proposal to eliminate the "Pool Time" provision. It cited to the PBA's post-hearing brief, which contained an explicit acceptance of the Township's proposal to eliminate "Pool Time" and in return, replace it with a new Article 28 concerning "Police Training" that the PBA had proposed.

A-0176-19T2

A copy of the post-hearing brief is in the appellate record, and that is indeed what counsel for the PBA represented.

III.

The PBA contends the arbitrator failed to disclose a disqualifying conflict of interest that requires us to vacate the award. It alleges that the arbitrator was "the former managing partner" of a law firm that represented the Township in civil lawsuits brought by two of its members. The PBA argues the arbitrator was duty bound to "disclose a clear conflict of interest" under the "Code of Professional Responsibility for Arbitrators of Labor-Management Disputes" (the Code), which PERC incorporates by regulation and to which its eligible pool of arbitrators must adhere. See N.J.A.C. 19:16-5.10. The PBA also notes that N.J.S.A. 2A:24-8(b) permits the vacation of an award "[w]here there was either evident partiality or corruption in the arbitrator[.]"

PERC squarely addressed the issue in its decision. It noted that under the Code, an arbitrator must "disclose any current or past managerial, representational, or consultative relationship with any company or union involved in a proceeding in which the arbitrator is being considered for appointment." PERC correctly found that the PBA "neither alleged nor show[ed] that the arbitrator had any direct involvement" in the two civil suits,

in which his firm was "representing the Township's insurance carrier." It noted that the Township asserted the arbitrator "had no direct involvement and did not represent them." Additionally, PERC concluded that the arbitrator had fully disclosed "his role as a management representative in labor relations matters," which was publicly available on PERC's website.

Our review of this issue is somewhat hampered by the lack of any record. For example, the appellate record does not include the PBA's submission to PERC or the Township's response. In its brief, the Township makes several factual assertions that lack any citation to the record. For example, it asserts that one of the plaintiffs in the civil litigation was part of the PBA's negotiating committee, and the PBA's counsel represented the officer in contemporaneous disciplinary proceedings and was intimately familiar with the civil litigation and the involvement of the arbitrator's former law firm.

However, we are persuaded by what is undisputed in the record that reversal is unwarranted. First, the PBA does not dispute PERC's factual findings regarding the arbitrator's lack of involvement with the two civil lawsuits, or that his former firm represented the Township through assignment by its insurance carrier. The PBA simply asserts those facts do not matter.

In addition, the PBA does not dispute the contents of the arbitrator's resume, which was on PERC's website and is in the record. The resume fully disclosed the arbitrator's former affiliation with the law firm as an attorney representing management in labor disputes. The record further discloses that the PBA received notice of the arbitrator's appointment months in advance of the actual hearing. It is also undisputed that the PBA never raised any issue of a potential conflict during the mediation or proceedings before the arbitrator, and only did so after it received the award and filed an appeal with PERC. See Bonnet v. Stewart, 155 N.J. Super. 326, 330 (App. Div. 1978) (holding that judge's alleged conflict of interest was "inappropriately raised on . . . appeal because the plaintiff never moved to challenge the judge himself, as would have been the proper practice").

Our conclusion is also supported by what the PBA has left unexplained in the record. The PBA provides no information whatsoever as to when, and under what circumstances, it first discovered the arbitrator's former employment with the law firm, or, first discovered the law firm's representation of the Township in these two civil lawsuits. A party must raise the disqualification issue "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333

13

(2d Cir. 1987). "[A] movant may not hold back and wait, hedging its bets against the eventual outcome." Id. at 334. The same principles apply to disqualification of an arbitrator.

The Township argues the PBA is barred from raising this issue by the doctrine of invited error. "Under that settled principle of law, trial errors that 'were induced, encouraged or acquiesced in[,] or consented to by defense counsel ordinarily are not a basis for reversal on appeal.'" State v. Bailey, 231 N.J. 474, 490 (2018) (emphasis added) (quoting State v. A.R., 213 N.J. 542, 561 (2013)). "The doctrine prevents litigants from 'playing fast and loose' with, or otherwise manipulating, the judicial process." Ibid. (quoting State v. Jenkins, 178 N.J. 347, 359 (2004)). The undisputed and unexplained facts permit us to conclude that the PBA acquiesced in the arbitrator's appointment, despite having adequate knowledge of his former position, and never raised the issue until after the award was made. We refuse to vacate the award on these grounds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0176-19T2

APPENDIX
STATUTORY FACTORS CONTAINED IN N.J.S.A. 34:13A-16(g)

(1) The interests and welfare of the public. Among the items the arbitrator or panel of arbitrators shall assess when considering this factor are the limitations imposed upon the employer by [N.J.S.A.]40A:4-45.1 et seq.[].

(2) Comparison of the wages, salaries, hours, and conditions of employment of the employees involved in the arbitration proceedings with the wages, hours, and conditions of employment of other employees performing the same or similar services and with other employees generally:

> (a) In private employment in general; provided, however, each party shall have the right to submit additional evidence for the arbitrator's consideration.
>
> (b) In public employment in general; provided, however, each party shall have the right to submit additional evidence for the arbitrator's consideration.
>
> (c) In public employment in the same or similar comparable jurisdictions, as determined in accordance with . . . [N.J.S.A.] 34:13A-16.2[]; provided, however, that each party shall have the right to submit additional evidence concerning the comparability of jurisdictions for the arbitrator's consideration.

(3) The overall compensation presently received by the employees, inclusive of direct wages, salary, vacations, holidays, excused leaves, insurance and pensions, medical and hospitalization benefits, and all other economic benefits received.

(4) Stipulations of the parties.

A-0176-19T2

(5) The lawful authority of the employer. Among the items the arbitrator or panel of arbitrators shall assess when considering this factor are the limitations imposed upon the employer by [N.J.S.A.]40A:4-45.1 et seq.[].

(6) The financial impact on the governing unit, its residents, the limitations imposed upon the local unit's property tax levy pursuant to . . . [N.J.S.A.] 40A:4-45.45[], and taxpayers. When considering this factor in a dispute in which the public employer is a county or a municipality, the arbitrator or panel of arbitrators shall take into account, to the extent that evidence is introduced, how the award will affect the municipal or county purposes element, as the case may be, of the local property tax; a comparison of the percentage of the municipal purposes element or, in the case of a county, the county purposes element, required to fund the employees' contract in the preceding local budget year with that required under the award for the current local budget year; the impact of the award for each income sector of the property taxpayers of the local unit; the impact of the award on the ability of the governing body to (a) maintain existing local programs and services, (b) expand existing local programs and services for which public moneys have been designated by the governing body in a proposed local budget, or (c) initiate any new programs and services for which public moneys have been designated by the governing body in a proposed local budget.

(7) The cost of living.

(8) The continuity and stability of employment including seniority rights and such other factors not confined to the foregoing[,] which are ordinarily or traditionally considered in the determination of wages, hours, and conditions of employment through collective negotiations and collective bargaining between the parties in the public service and in private employment.

(9) Statutory restrictions imposed on the employer. Among the items the arbitrator or panel of arbitrators shall assess when considering this factor are the limitations imposed upon the employer by . . . [N.J.S.A.]40A:4-45.45[].