843 A.2d 354 (2004)
367 N.J. Super. 443
Rosalie GREY, Plaintiff-Respondent/Cross-Appellant,
v.
TRUMP CASTLE ASSOCIATES, L.P. d/b/a Trump Marina Hotel Casino, L.P., Defendant-Appellant/Cross-Respondent, and
John Devine and Ellen Finley, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 2004.
Decided March 17, 2004.
*355 Gerard W. Quinn, Atlantic City, argued the cause for appellant/cross-respondent (Cooper, Levenson, April, Niedelman & Wagenheim, attorneys; Mr. Quinn, of counsel and on the brief).
Robert W. Rubinstein, Princeton, argued the cause for respondent/cross-appellant (Rothenberg & Rubinstein, attorneys; Mr. Rubinstein, of counsel and on the brief; Kenneth R. Cutler, on the brief).
Before Judges CUFF, WINKELSTEIN and LARIO.
The opinion of the court was delivered by CUFF, J.A.D.
The fundamental issue presented by this appeal is whether a party may seek review of an interlocutory order once it submits to non-binding arbitration, does not file a demand for a trial de novo, but seeks confirmation of the arbitration award and entry of judgment. Resolution of this issue requires consideration of the fundamental principles of appellate jurisdiction and the purposes of arbitration for certain civil actions.
Following cross-motions by both plaintiff and defendant Trump Castle Associates, L.P. d/b/a Trump Marina Hotel Casino, L.P. (Trump Castle) to confirm an arbitration award, a judgment was entered confirming the award. Trump Castle appeals and seeks review of interlocutory orders denying its motions to dismiss a count of the complaint. We hold that Trump Castle is barred from pursuing an appeal after entry of a judgment following arbitration, and dismiss the appeal.
On November 12, 2000, plaintiff Rosalie Grey was a passenger in a car owned and operated by Joan Fazio. While they were stopped at a red light, a vehicle driven by defendant John Devine and owned by defendant Ellen Finley struck the rear of their vehicle twice. Plaintiff alleged that she was injured in this accident and that defendant Devine was visibly intoxicated.
On June 1, 2001, plaintiff filed a complaint against defendants Trump Castle, Devine, Finley, and several fictitious establishments and persons. Plaintiff alleged that defendant Devine negligently operated the vehicle while intoxicated, that defendant Finley negligently entrusted her vehicle to an intoxicated driver, that the parking attendant at Trump Castle negligently provided defendant Devine with the keys to the Finley vehicle, and that Trump Castle and other unnamed and unknown establishments negligently served alcohol to a visibly intoxicated patron, defendant Devine.
At the conclusion of discovery, Trump Castle filed a motion to dismiss the negligent entrustment claim. The motion was denied. Trump Castle filed a motion for *356 reconsideration, which was also denied. Its motion for partial summary judgment on the "dram shop" claim was unopposed by plaintiff and granted. Then, Trump Castle filed a second motion for reconsideration of the order denying its motion to dismiss the negligent entrustment claim. This motion was also denied.
On November 14, 2002, the parties participated in non-binding arbitration pursuant to Rule 4:21A. The arbitrator awarded plaintiff $250,000 for her injuries and apportioned liability equally between defendants Devine and Trump Castle. No party filed a demand for trial de novo. Trump Castle filed a motion to confirm the arbitration award and enter judgment against it in the amount of $125,000 plus pre-judgment interest; plaintiff filed a cross-motion to confirm the award. By order dated January 10, 2003, Judge Daryl F. Todd, Sr., confirmed the arbitration award and entered judgment in favor of plaintiff and against Trump Castle in the amount of $125,000 plus pre-judgment interest.
Trump Castle filed a notice of appeal, seeking review of the interlocutory orders which addressed its motions to dismiss the negligent entrustment claim. It contends that its motions to dismiss the negligent entrustment claim should have been granted and that it is entitled to appeal from the final judgment as a matter of right. Plaintiff argues that the appeal must be dismissed. In her cross-appeal, she also contends that Trump Castle should be jointly and severally liable for the entire arbitration award.
Rule 4:21A governs the arbitration of civil actions, such as the personal injury action filed by plaintiff. Rule 4:21A implements one of five bills enacted in 1983 to revise this State's no-fault automobile insurance system. Hartsfield v. Fantini, 149 N.J. 611, 615, 695 A.2d 259 (1997); Pressler, Current N.J. Court Rules, comment 1 on R. 4:21A (2003). In particular, N.J.S.A. 39:6A-25 requires the mandatory arbitration of certain automobile accident claims. Hartsfield, supra, 149 N.J. at 615, 695 A.2d 259. The purpose of the 1983 statutory revision of the handling of automobile personal injury claims was "`to establish an informal system of settling tort claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burden and congestion of the State's courts.'" Ibid. (quoting N.J.S.A. 39:6A-24). While the system is designed to promote efficiency and the conservation of judicial resources, it also preserves the parties' right to a jury trial by providing for a trial de novo for any party dissatisfied with the arbitration award. Id. at 616, 695 A.2d 259.
Rule 4:21A-6 governs the entry of judgment and trial de novo. According to the rule, any party dissatisfied with the outcome of an arbitration proceeding may file a demand for a trial de novo within thirty days of the filing of the award. R. 4:21A-6(b)(1). If a demand has not been filed, any party may move for confirmation of the award and entry of judgment. R. 4:21A-6(b)(3). The decision and award of an arbitrator is not subject to appeal. R. 4:21A-6(a).
We have not previously addressed whether a party may seek review of an interlocutory ruling following confirmation of an arbitration award and entry of judgment. We have, however, held that Rule 4:21A-6(a) bars review of an evidentiary ruling by an arbitrator. Martinelli v. Farm-Rite, Inc., 345 N.J.Super. 306, 313, 785 A.2d 33 (App.Div.2001), certif. denied, 171 N.J. 338, 793 A.2d 717 (2002). Appellate review of an arbitrator's decision frustrates the stated purposes of the arbitration process of efficiency and conservation of judicial resources by eliminating *357 the finality afforded to all parties when one or both parties foregoes the right to a trial de novo. These purposes are similarly frustrated by allowing review, following confirmation of that arbitration award, of an interlocutory order entered prior to submission of the matter to arbitration.
Trump Castle insists that it does not seek review of the arbitrator's decision. Rather, it contends that it seeks review only of the order denying its motions to dismiss the negligent entrustment claim filed by plaintiff. It further contends that once the judgment was entered, it was a final order, which entitled it to appeal as of right. Its argument, however, ignores the role of the judgment confirming an arbitration award in the arbitration and pre-trial process. Quite simply, the judgment confirming an arbitration award is designed to preclude all further proceedings in the action, including appellate review. Trump Castle's argument flies in the face not only of the stated purpose of the arbitration process and the explicit text of Rule 4:21A-6(a), but also fundamental appellate principles.
Rule 2:2-3(a)(1) bestows a right of appeal from final judgments of the trial divisions of Superior Court. An appeal may only, however, be taken by a party aggrieved by the judgment. Pressler, supra, comment 2 on R. 2:2-3. Furthermore, the party that files a notice of appeal must be willing to forgo the terms and benefits conferred on it by the judgment which it seeks to appeal. In Magill v. Casel, 238 N.J.Super. 57, 568 A.2d 1221 (App.Div.1990), we reminded litigants that:
A party may not seek appellate review of an adverse interlocutory order without seeking relief from the outcome of the litigation as embodied in the judgment. A litigant satisfied with the judgment cannot have an advisory appellate evaluation of an alleged interlocutory order.

[Id. at 62, 568 A.2d 1221.]
Certainly, Trump Castle is aggrieved in the sense that a judgment has been entered against it. On the other hand, Trump Castle was the party who initiated the confirmation process and sought reduction of the award to judgment. It also desires to retain the result of the arbitration if it does not succeed in upsetting the interlocutory ruling regarding the negligent entrustment claim. Stated differently, having capped its exposure, Trump Castle now seeks to avoid any monetary exposure. Such a strategy undermines the purposes of the arbitration process.
Trump Castle was not without recourse to review the allegedly erroneous ruling. It could have filed a motion for leave to appeal. R. 2:2-4. It also could have filed a demand for a trial de novo. R. 4:21A-6(c). Trump Castle contends, however, that it is actually conserving judicial resources and promoting efficiency by seeking confirmation of the award and then initiating the appellate process. A trial, however, would have afforded it an opportunity to fully develop the facts on which a resolution of the merits of the negligent entrustment claim would depend. Furthermore, its strategy deprives the plaintiff and the judicial system of the finality both expected when Trump Castle did not seek a trial de novo and sought confirmation of the arbitration award.
In summary, we hold that, when a matter is submitted to arbitration pursuant to Rule 4:21A, a party may preserve a right to seek appellate review of an interlocutory order only by filing a demand for a trial de novo. Once the award is confirmed and a judgment is entered, an appeal from the award or any interlocutory order is barred. Therefore, the appeal filed by Trump Castle is dismissed.
*358 In its cross-appeal, plaintiff sought review of Judge Todd's equal allocation of the judgment between Trump Castle and defendant Devine. She asserts that the issue should have been decided pursuant to New York law, which requires joint and several liability. At oral argument, plaintiff noted that her cross-appeal could be considered a protective appeal. Due to our disposition of the appeal filed by Trump Castle, a principle equally applicable to plaintiff's cross-appeal, we dismiss the cross-appeal.[*]
Appeal dismissed.
NOTES
[*] We observe, however, that the allocation of the judgment is consistent with the law of this State, as well as New York.