**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4326-18T4

PRD MANAGEMENT, INC.
t/a TAUNTON RUN VILLAGE,

    Plaintiff-Respondent,

v.

WILLIAM RICHARDSON,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

PRD MANAGEMENT, INC.
t/a TAUNTON RUN VILLAGE
and MICHELE LERRO,

    Third-Party Defendants-
    Respondents.

_____

        Argued November 17, 2020 – Decided  January 15, 2021

        Before Judges Gilson and Gummer.

        On appeal from the Superior Court of New Jersey, Law
        Division, Camden County, Docket No. L-0061-17.

Theresa C. Grabowski argued the cause for appellant.

Michael J. Weiss argued the cause for respondent PRD Management, Inc. t/a Taunton Run Village.

Darren C. Kayal argued the cause for respondents PRD Management, Inc. t/a Taunton Run Village and Michele Lerro (Rudolph & Kayal, PA, attorneys; Darren C. Kayal, on the brief).

PER CURIAM

This appeal arises out of disputes between a landlord and a tenant. The landlord, PRD Management, Inc. t/a Taunton Run Village (PRD), filed an action to evict the tenant, William Richardson. Richardson responded by filing counterclaims and a third-party complaint against PRD and one of its employees, Michele Lerro. Following a series of motions to compel discovery and seeking summary judgment, the matter proceeded to arbitration in accordance with Rule 4:21A. The arbitrators awarded PRD a net award of $2,257 and stated that Richardson was "100%" liable and PRD had "0" liability.

No party sought to reject the arbitration award or to demand a trial de novo. Instead, PRD and Richardson cross-moved to confirm the arbitration award. Richardson argued that the arbitration award entitled him to treble damages and attorney's fees under the Anti-Eviction Act (the Act), N.J.S.A. 2A:18-61.1 to -61.12. The trial court rejected Richardson's interpretation of the

2

arbitration award and entered orders confirming the award. In that regard, the trial court entered a judgment in favor of PRD, requiring Richardson to pay $2,257, as well as pre-judgment interest. The judgment also dismissed with prejudice all the claims in Richardson's counterclaim and third-party complaint.

Richardson seeks to appeal from several pre-arbitration interlocutory orders and the orders confirming the arbitration award. We dismiss the appeal from the interlocutory orders because Richardson did not seek a trial de novo. Moreover, because the trial court correctly confirmed the arbitration award, we also dismiss Richardson's appeal of those orders because the arbitration award is not subject to appeal. See R. 4:21A-6(a).

## I.

PRD is a landlord of an apartment complex. Richardson had been a tenant of the complex for seventeen years when, in November 2016, PRD filed an action to evict Richardson, contending that he had failed to pay rent. PRD filed the action because it believed Richardson had violated his lease by continuously feeding wild cats on the property.

In response, Richardson filed an answer, counterclaims, and a third-party complaint. In his third-party complaint, Richardson asserted various causes of action, including wrongful eviction; malicious prosecution; invasion of privacy;

extortion; harassment; breach of contract; intentional and negligent infliction of emotional distress; and violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20.

The parties engaged in discovery, during which several disputes arose. On December 15, 2017, in response to cross-motions to compel, the trial court entered an order directing PRD and Richardson to provide certain discovery. The order also stated that the complaint, answer, and defenses of PRD and Lerro were stricken without prejudice.

In 2018, PRD and Lerro moved to reinstate their answer and defenses, representing that they had supplied discovery. The trial court granted that motion in an order entered on April 27, 2018. The April 27, 2018 order also expressly stated that the order of December 15, 2017 was "vacated[.]"

In May 2018, PRD and Lerro moved for summary judgment, seeking to dismiss the third-party complaint. Richardson cross-moved for summary judgment in his favor. In an order dated June 18, 2018, the trial court granted partial summary judgment to PRD and dismissed all but two counts of Richardson's third-party complaint. The remaining claims alleged wrongful eviction and misrepresentation related to the wrongful eviction. The court also

4

dismissed all claims against Lerro and denied Richardson's cross-motion for summary judgment.

In July 2018, Richardson filed a motion to vacate the June 18, 2018 and April 27, 2018 orders and recuse the trial judge. Those motions were denied in an order entered on November 9, 2018.

In the November 9, 2018 order, the trial court also ordered the parties to attend arbitration under Rule 4:21A. The arbitration was conducted on February 26, 2019. A two-member arbitration panel entered an award in favor of PRD in the amount of $2,257. The arbitrators briefly set forth the reasons for the award and explained that they were awarding PRD a net award based on PRD's claim of unpaid rent in the amount of $4,757, less credits given to Richardson for his "security deposit, moving expenses and other damages totaling $2,500[.]" In other words, the arbitrators awarded PRD unpaid rent in the amount of $4,757, deducted $2,500, and entered a "net award [of] $2,257.00[.]"

No party rejected the arbitration award, nor did any party file a demand for a trial de novo. Instead, the parties cross-moved to confirm the arbitration award. In his cross-motion, Richardson contended the arbitrators effectively found that PRD had wrongfully evicted him in violation of the Act and, therefore, he was entitled to treble damages and attorney's fees.

The trial court heard oral argument on the cross-motions to confirm the arbitration award and, on April 26, 2019, the court entered three orders. The court denied Richardson's request for treble damages and attorney's fees. The court then entered orders confirming the arbitration award by entering a judgment in favor of PRD and requiring Richardson to pay $2,257. The court also dismissed with prejudice all claims set forth by Richardson in his counterclaims and third-party complaint.

Richardson now seeks to appeal from seven orders. Specifically, he seeks to appeal from pre-arbitration orders entered on August 18, 2017, April 27, 2018, June 18, 2018, and November 9, 2018. He also seeks to appeal from three orders entered on April 26, 2019, confirming the arbitration award.

## II.

"Rule 4:21A governs the arbitration of civil actions[.]" Grey v. Trump Castle Assocs., L.P., 367 N.J. Super. 443, 447 (App. Div. 2004). The rule sets forth procedures for arbitrating certain civil disputes. See R. 4:21A-4. Those procedures are designed to promote efficiency and to conserve judicial resources. Grey, 367 N.J. Super. at 447.

Any party dissatisfied with the arbitration award can file a demand for a trial de novo within thirty days. R. 4:21A-6(b)(1). If a demand is not filed, any

A-4326-18T4

party may move for confirmation of the award and entry of a judgment. R. 4:21A-6(b)(3). "The decision and award of the arbitrator shall not be subject to appeal." R. 4:21A-6(a). "[T]he judgment confirming an arbitration award is designed to preclude all further proceedings in the action, including appellate review." Grey, 367 N.J. Super. at 448.

Richardson seeks to appeal from four interlocutory orders entered before the arbitration was conducted. Our decision in Grey precludes such review and requires us to dismiss that portion of his appeal. See ibid.

Richardson also seeks to appeal from the orders confirming the arbitration award and entering judgment on the award. Richardson contends that the arbitrators effectively found that he had been wrongfully evicted and that he is, therefore, entitled to treble damages and attorney's fees under the Act. The arbitration award did not state that Richardson was a prevailing party under his claim of wrongful eviction under the Act. Instead, the award expressly found that he was "100%" liable and that PRD had no liability. While the arbitrators entered a net award giving Richardson credit for certain expenses, the arbitration award itself does not state that Richardson is entitled to any relief beyond an offset against PRD's claim for unpaid rent.

The trial court correctly entered a judgment based on the arbitration award. The trial court also correctly dismissed with prejudice Richardson's counterclaims and third-party claims. See R. 4:21A-6(b).

Richardson also contends that the arbitration award was effectively flawed because PRD's complaint was dismissed and never reinstated. That argument lacks support in the record for several reasons. First, Richardson relies on the December 15, 2017 order, arguing that PRD's complaint was dismissed. While that order states that PRD's complaint was dismissed, that December 15, 2017 order was vacated by the April 27, 2018 order.

Moreover, the arbitrators clearly considered PRD's claims for unpaid rent and made an award on those claims. If Richardson intended to dispute that the arbitrators had jurisdiction to consider PRD's complaint, he needed to file a timely notice rejecting the arbitration award and a demand for a trial de novo. See Grey, 367 N.J. Super. at 447-49; R. 4:21A-6(b)(1). Because Richardson failed to file that notice or demand, the court confirmed the arbitration award and Richardson lost all rights to appeal. See R. 4:21A-6(a).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4326-18T4