**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1166-21

DENNIS GENTILE and DIANE
GENTILE, husband and wife,

     Plaintiffs-Appellants,

v.

MARY JEANNE WHITE, MARY
JEANNE WHITE a/k/a MARY
JANE WHITE, MARY JEANNE
WHITE a/k/a MARY J. WHITE,
CAREAGA ENGINEERING, INC.,
JEFFREY J. CAREAGA,
PEACH BROTHERS,
PEACH BROTHERS d/b/a
PEACH BROTHERS SEPTIC
CONTRACTORS, PEACH
BROTHERS SEPTIC
CONTRACTORS, PEACH
BROTHERS SEPTIC
CONTRACTORS d/b/a PEACH
BROTHERS, THOMAS PEACH,
THOMAS PEACH a/k/a TOM
PEACH, THOMAS PEACH d/b/a
PEACH BROTHERS, THOMAS
PEACH d/b/a PEACH BROTHERS
SEPTIC CONTRACTORS,
ROBERT PEACH, ROBERT
PEACH a/k/a BOB PEACH,

ROBERT PEACH d/b/a PEACH
BROTHERS, ROBERT PEACH
d/b/a PEACH BROTHERS
SEPTIC CONTRACTORS,
TINA WROBEL, TINA WROBEL
d/b/a PEACH BROTHERS, and
TINA WROBEL d/b/a PEACH
BROTHERS SEPTIC
CONTRACTORS,

      Defendants-Respondents.
_____

Submitted March 15, 2023 – Decided May 6, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1522-19.

DRLavoie Law LLP and JSD Legal, LLC, attorneys for appellants (Daniel R. Lavoie and Jason Scotto D'Aniello, on the briefs).

Law Offices of Damian Christian Shammas, LLC, attorneys for respondent Mary Jeanne White (Damian Christian Shammas, of counsel and on the brief).

The opinion of the court was delivered by

VERNOIA, P.J.A.D.

This matter arises out of a residential real estate transaction. In their 2019 complaint, plaintiffs Dennis Gentile and Diane Gentile alleged they purchased a Morris County residence from defendant Mary Jeanne White (White) in 2017

2

and later discovered White had made misrepresentations concerning the condition of the property and its septic system, sold the property with a defective septic system, and failed to disclose the well on the property was contaminated and the property had other environmental issues. In their complaint, plaintiffs asserted causes of action against White for recission of the contract of sale, breach of contract, and equitable fraud.

Plaintiffs also asserted causes of action against defendants Careaga Engineering, Inc. and Jeffrey J. Careaga ("the Careaga defendants") who White had retained to design a new septic system prior to the sale of the property to plaintiffs, and defendants Peach Brothers, Thomas Peach, Robert Peach, and Tina Wrobel ("the Peach Brothers defendants") who had installed the newly designed septic system prior to White's transfer of title to the property to plaintiffs.[1] In November 2017, after the new septic system was installed, plaintiffs completed their purchase from White and closed title on the property.

---

[1] The complaint separately asserted causes of action for negligence, professional malpractice, breach of contract, and breach of warranty against the Peach Brothers defendants and a professional malpractice claim against the Careaga defendants. The complaint also alleged the individuals among the Peach Brothers defendants do business under various other names, including "Peach Brothers Septic Contractors."

A-1166-21

Plaintiffs later dismissed with prejudice their claims against the Peach Brothers defendants and the Careaga defendants. Thus, on appeal, plaintiffs challenge only the court's orders as they pertain to their claims against White.

Plaintiffs' appeal is founded exclusively on their challenges to a series of interlocutory orders they contend fall into three categories: discovery orders,[2] summary judgment orders,[3] and an order denying their motion to amend their complaint.[4] For purposes of our analysis of the issues presented on appeal, and

---

[2] The discovery orders plaintiffs challenge on appeal include three January 13, 2021 orders. The first denied plaintiffs' motion to extend the discovery deadline for the completion of fact-witness depositions. The second granted defendants' motion to bar plaintiffs' liability experts from testifying at trial as a sanction for plaintiffs' alleged spoliation of evidence. The third granted defendants' motion to quash subpoenas plaintiffs had issued for the deposition of eight fact witnesses. Plaintiffs also challenge a February 19, 2021 order denying their motion for reconsideration of the January 13, 2021 orders.

[3] The challenged summary judgment orders include: July 19, 2021 orders denying plaintiffs' cross-motion for summary judgment against White and denying White's motion for summary judgment; August 27, 2021 orders denying plaintiffs' motion for reconsideration of the court's July 19, 2021 order denying plaintiffs' cross-motion for summary judgment and an order granting White summary judgment on claims—recission and equitable fraud—plaintiffs asserted against White in their complaint; and a September 24, 2021 order denying plaintiffs' motion for reconsideration of the court's August 27, 2021 order granting White's motion for summary judgment.

[4] Plaintiffs also argue the court erred by entering an October 21, 2021 order denying their motion to amend the complaint.

A-1166-21

for reasons we explain, it is unnecessary to detail the arguments made in support of, and in opposition to, the motions that resulted in each of the challenged orders. It is also unnecessary to detail the court's extensive reasoning supporting its issuance of the various orders.

We note only that as a result of the court's disposition of the summary judgment motions, and subsequent motions for reconsideration, the court dismissed plaintiff's recission and equitable fraud claims. Thus, the only remaining claim against White was plaintiffs' breach of contract claim, which was disposed of in the December 17, 2021 final judgment confirming an arbitration award granting judgment to White on that claim.

In their 140-page merits brief on appeal, plaintiffs do not mention that following the court's orders granting White summary judgment on their recission and equitable fraud claims, the court ordered that the remaining breach of contract claim proceed to arbitration in accordance with Rule 4:26A. At oral argument, we requested that counsel provide additional written submissions concerning the arbitration and its disposition.

Counsel's submissions explain that the arbitration took place on October 28, 2021, and the arbitrator entered "a finding of no cause of action" in White's favor. Plaintiff thereafter did not request a trial de novo in accordance with Rule

4:21A-6(b)(1). White subsequently moved to confirm the arbitration award in accordance with Rule 4:21A-6(b)(3), and plaintiffs did not oppose White's motion. On December 17, 2021, the court entered an order confirming the arbitration award and granting White final judgment on plaintiffs' breach of contract claim.

A trial court's decision whether to confirm or vacate an arbitration award is appealable and presents an issue of law that we review de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013) (quoting Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010)). In their notice of appeal, plaintiffs list the December 17, 2021 order as one from which they appeal, but their merits brief and letter submission on appeal do not offer any argument challenging the validity of the court's order confirming the award.[5] As such, any putative challenge to the court's final order confirming the arbitration award is

---

[5] We recognize that in plaintiffs' post-argument letter submission, they contend that the arbitration proceeding was infected by the results of the court's purportedly erroneous interlocutory orders from which they otherwise appeal, but they offer no claim or argument that the court erred by entering the December 17, 2021 final order confirming the arbitration award. Nor could they, since they did not file for a trial de novo and did not oppose White's motion to confirm the arbitration award in the trial court. See Jones v. First Nat'l Supermarkets, Inc., 329 N.J. Super. 125, 126-27 (App. Div. 2000).

deemed abandoned. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011).

The arbitration of a civil action is governed by Rule 4:21A. Grey v. Trump Castle Assocs., L.P., 367 N.J. Super. 443, 447 (App. Div. 2004). The Rule establishes the required procedure for arbitrating civil disputes, see Rule 4:21-4, and "is designed to promote efficiency" and conserve judicial resources, Grey, 367 N.J. Super. at 447.

A party dissatisfied with an arbitration award rendered pursuant to the Rule may file a demand for a trial de novo "within [thirty] days of the filing of the arbitration award." R. 4:21A-6(b)(1). Where a demand for a trial de novo is not timely filed, any party may move for confirmation of the award and entry of a judgment. R. 4:21A-6(b)(3).

Pertinent here, a failure to challenge the validity of an arbitration award rendered in accordance with Rule 4:21A, as plaintiffs did here by failing to request a trial de novo or by opposing White's motion to confirm the award, bars a party from challenging the court's prior interlocutory orders in the matter. "[T]he judgment confirming an arbitration award is designed to preclude all further proceedings in the action, including appellate review." Grey, 367 N.J. Super. at 448. As we explained in Grey, "when a matter is submitted to

7

arbitration pursuant to <u>Rule</u> 4:21A, a party may preserve a right to seek appellate review of an interlocutory order only by filing a demand for a trial de novo. Once the award is confirmed and a judgment is entered, <u>an appeal from the award or any interlocutory order is barred</u>." <u>Id.</u> at 449 (emphasis added).

Here, plaintiffs opted not to either demand a trial de novo or oppose White's motion to confirm the arbitration award. Instead, they challenge on appeal only a series of interlocutory orders entered prior to the arbitration award. However, as we held in <u>Grey</u>, challenges to a trial court's interlocutory orders are barred once the arbitration award and final judgment confirming the award are entered. <u>Ibid.</u> And that is the case here. We therefore dismiss plaintiffs' appeal because it is supported only by challenges to the court's interlocutory orders addressing discovery, summary judgment, and pleading-amendment issues. <u>See</u> <u>ibid.</u>

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1166-21